**CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND and Central Pennsylvania Teamsters Health & Welfare Fund**

v.

**Marvin F. BURTEN, Richard A. Burten and Glenn A. Burten.**

**Civ. A. No. 85–7217.**

United States District Court,
E.D. Pennsylvania.

April 8, 1986.

Charles R. Osinski, Allentown, Pa., for plaintiff.

Howard R. Flaxman, Philadelphia, Pa., Stephen S. Mayer, Roseland, N.J., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

This case presents a rather unusual issue with respect to the Court's ability to exercise *in personam jurisdiction* over nonresident defendants. We are required to determine whether nonresident corporate officers who, by Pennsylvania statute, (Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa.Stat.Ann. § 260.9(a) and (b)), are personally liable for unpaid corporate wages, are subject to personal jurisdiction in Pennsylvania by virtue of their alleged violation of that statute. Plaintiffs, Central Pennsylvania Teamsters Pension Fund and Central Pennsylvania Teamsters Health and Welfare Fund, are labor organizations to which wages are payable and which may, therefore, institute actions against corporate officers pursuant to the WPCL. The term "wages" includes fringe benefits and wage supplements, which, in turn, include payments to provide benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq. See,* 43 Pa.Stat.Ann. § 260.2a.

Defendants contend that they lack the requisite minimum contacts for this Court to assert jurisdiction over them. Defendant Glenn Burten also contends that he was never an officer of Branch Motor Express, Inc., the corporation with which plaintiffs had a contract obligating Branch to make payments to the Pension Fund and to the Health and Welfare Fund.

Plaintiffs originally sought to recover the allegedly unpaid benefits from Branch Motor Express, Inc. pursuant to ERISA. That action included a pendent state claim against Branch under the WPCL. Before that case had progressed to trial, Branch filed an appropriate application for protection from its creditors under the Bankrupt-cy Act, 11 U.S.C. § 1101, *et seq.* Consequently, the automatic stay provisions of the Bankruptcy Act required that the suit be stayed during the pendency of the Chapter 11 proceedings. Plaintiffs now seek from the defendants the funds otherwise allegedly due from Branch.

Plaintiffs admit that if personal jurisdiction may not properly be based upon defendants' alleged violation of the WPCL, then this Court does not have jurisdiction over these defendants. Thus, plaintiffs do not dispute defendants' affidavits asserting that none of the defendants has had any contacts with the Commonwealth of Pennsylvania. This is evident from plaintiffs' argument that they do not seek to base *in personam jurisdiction* upon defendants' minimum contacts with Pennsylvania. This argument indicates a fundamental misunderstanding of Pennsylvania's long-arm statute, 42 Pa.Con.Stat.Ann. § 5322, and the analysis required when non-resident defendants challenge a federal court's jurisdiction. Thus, we begin our consideration of the issues presented by this case with an overview of the required analysis.

The fundamental principle which guides the Court is that the assertion of personal jurisdiction must not "offend 'traditional notions of fair play and substantial justice' ". *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95, 104 (1945). In other words, asserting personal jurisdiction must comport with due process. The standard is usually expressed in terms of assessing the nature of the defendant's contacts with the forum state. When the defendant conducts substantial activities within the forum state on a regular basis, the courts there have "general" jurisdiction over that defendant. If, on the other hand, the defendant is not usually found within the state but the cause of action arose from the defendant's forum-related activities, personal jurisdiction over that defendant is termed "specific". *VanBuskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481 (3d Cir.1985).

A state's long-arm statute may serve two purposes: it may limit the contacts which a court may consider as a basis for personal jurisdiction, or it may provide guidance to courts within its boundaries as to the kinds of contacts which may be considered sufficient for the assertion of personal jurisdiction over non-residents. Pennsylvania falls into the latter category by virtue of 42 Pa.Con.Stat.Ann. § 5322(b), which extends the jurisdiction of its courts to the fullest extent allowed under the Constitution. Simply stated, Pennsylvania's long-arm statute does not limit its courts to a consideration of the activities enumerated in 42 Pa.Con.Stat.Ann. § 5322(a)(1–10). However, that is not to say that the listed activities are exempt from scrutiny under the due process clause. The Court of Appeals for the Third Circuit describes the necessary analysis as "conflated" in Pennsylvania, *i.e.*, the courts need only consider whether the non-resident's activities within the Commonwealth are such "minimum contacts" as will support personal jurisdiction under the Constitution, whether or not they are specifically enumerated in the long-arm statute. *VanBuskirk v. Carey Canadian Mines, Ltd., supra.*

Applying the foregoing analysis,

we must be satisfied that not only do the facts of this case satisfy the literal terms of the Pennsylvania statute, but also that sufficient affiliating circumstances, [defendants'] contacts with the forum, exist to meet the demands of due process. *Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 298 (3d Cir.1985).

More specifically, we must determine whether the WPCL, which defendants are alleged to have violated, is a sufficient basis for this Court's assertion of personal jurisdiction over the defendants.

Under the circumstances presented by this case, we are required to engage in a four-part due process analysis. We must determine: 1. Whether the WPCL contemplates personal liability for corporate unpaid wages as to corporate officers and employees in defendants' positions with the debtor company; 2. Whether 42 Pa.Con. Stat.Ann. § 5322(a)(10),[1] plaintiffs' sole basis for personal jurisdiction over these defendants, contemplates jurisdiction over persons who acted solely in their corporate capacities; 3. Whether defendants' alleged violations of the WPCL may be deemed to have occurred in Pennsylvania; and 4. Whether, even if the answers to all the foregoing questions are in the affirmative, the alleged violations constitute contacts sufficient to properly and legally subject the defendants to the jurisdiction of Pennsylvania courts. The first three parts of the analysis relate to whether the literal, specific terms of the statute upon which plaintiffs rely are satisfied. *Daetwyler, supra.* Obviously, if any one of them is not, and this provision is the only basis for jurisdiction, the case must be dismissed. The fourth part is simply a return to the fundamental question, which is always final and dispositive, *i.e.*, are we affording the defendants substantial justice if we require them to defend the action in this Court?

We begin by examining the status of the instant defendants within the corporate structure of Branch Motor Express, Inc. Without touching upon the ultimate questions of liability, it is evident that if Pennsylvania courts have narrowed the scope of persons liable under the WPCL and these defendants are not at least arguably among those who may be so liable, they may not be subjected to the jurisdiction of the Court on the basis of an alleged violation of that statute. Thus, we look to the

1. § 5322. Bases of personal jurisdiction over persons outside this Commonwealth.

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person: (10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

allegations of the complaint and the jurisdictional facts adduced to aid the Court in resolving this motion,[2] and compare the description of the defendants found therein with case law construing the WPCL.

Plaintiffs allege that all defendants are officers or agents of Branch Motor Express, Inc., and thus fall within the literal terms of the WPCL which purports to hold all such employees personally liable for unpaid wages. Plaintiffs have also submitted copies of documents from Branch's pending bankruptcy case which identify defendant Marvin F. Burten as President of Branch and defendant Richard A. Burten as its Senior Vice President for Operations. The documents also indicate that Glenn Burten, the third defendant, is or was a salaried employee whose weekly salary exceeded that of eight of eleven officers of Branch. (See Exhibit B to Plaintiffs' Answer to Motion to Dismiss, Doc. #5).

Defendants' only response, by way of their affidavits, is that they are no longer employees of Branch. Whatever effect that fact may have upon the ultimate decision as to whether the assertion of personal jurisdiction in this instance offends due process, for the limited purpose of our consideration of plaintiffs' asserted statutory basis for personal jurisdiction, such fact is irrelevant. That portion of § 5322(a) which allows personal jurisdiction to be based upon statutory violations is not limited in time. Thus, under the long-arm statute, if defendants were Branch employees at the time of the alleged violations of the WPCL and are employees covered by that statute, their current status would not, by itself, divest the Court of personal jurisdiction.

Plaintiffs' documents in support of jurisdiction establish that Marvin and Richard Burten are within the class of employees intended to be held liable under the WPCL. They are listed as the two top officers of Branch. While some courts in Pennsylvania have expressed doubts as to whether the WPCL may be applied as broadly as its language seems to indicate, all courts which have considered the issue agree that the legislature intended to hold policy-making officers personally liable for unpaid wages. See, *e.g.*, *Carpenters Health and Welfare Fund v. Ambrose*, 727 F.2d 279 (3d Cir.1983), *Amalgamated Cotton Garment and Allied Industries Fund v. Dion*, 491 A.2d 123 (Pa.Super.1985), *International Molders and Allied Workers Union, Local No. 1 v. Eastern Non-Ferrous Foundry, Inc., et al.*, No. 85–1054 slip op. (E.D.Pa. December 16, 1985).

■ Glenn Burten, although he received an exceptionally high salary for an employee, does not appear to have been an officer of Branch. Absent some indication that he exercised a policy-making function in the company, he is not among the class of persons who may be liable under the WPCL. Consequently, it does not appear that jurisdiction over Glenn Burten may be premised upon his alleged violation of the WPCL.

■ Next, we consider the remaining defendants' argument that they may not be subjected to this Court's jurisdiction for actions undertaken in their capacity as corporate officers. The general rule is as defendants contend. See, *Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229 (E.D.Pa.1979) and cases cited therein. However, there is an exception to this general rule. Corporate officers may be subjected to jurisdiction for their own tortious conduct, even if the tort was committed while acting as a corporate officer. *Id.*[3] Plaintiffs contend that the Court

---

2. In considering a motion to dismiss, the Court ordinarily takes as true the allegations of the complaint. That general rule, however, does not apply where the movant is challenging the Court's jurisdiction. In such a case, the Court may inquire into the actual jurisdictional facts by affidavit or otherwise. *Allen Organ Co. v. Kawai Musical Instruments Manufacturing Co., Ltd.*, 593 F.Supp. 107 (E.D.Pa.1984).

3. There is another means by which a court may assert personal jurisdiction over a defendant who would not otherwise be subject to its jurisdiction, *i.e.*, via pendent jurisdiction. See, *Donner* at 1234, n. 5. However, pendent jurisdiction may be invoked only where there are other claims in addition to those which confer jurisdiction upon the court. When judicial economy would be served thereby, the court may hear

should extend this principle and hold that a corporate officer who violates a state statute, even though acting in his corporate capacity, is subject to the personal jurisdiction of Pennsylvania courts pursuant to § 5322(a)(10).

Analogizing statutory violations to the commission of a tort immediately creates a significant problem when plaintiffs seek to base jurisdiction solely upon the long-arm statute. In § 5322(a)(4), Pennsylvania declares that the commission of a tort outside the Commonwealth that causes harm within the Commonwealth is a proper basis for personal jurisdiction. However, § 5322(a)(10) limited the statutory violations upon which personal jurisdiction may be based to those committed "within the jurisdiction of this Commonwealth". In the context of this case, therefore, we need not decide whether, under any circumstances, a corporate officer may be required to defend claims in Pennsylvania when personal jurisdiction is based upon the violation of a state statute. We need only determine whether the violation which plaintiffs allege occurred within the Commonwealth.

There are no allegations that the defendants ever committed any acts within the Commonwealth. It is evident that they acted in whatever jurisdiction their corporate offices were located. Likewise, there are no allegations that they intended to violate the WPCL or were aware that their alleged decisions on behalf of Branch not to contribute to the plaintiff funds constituted violations of Pennsylvania law for which they could be held personally liable. In the absence of activities which are specifically covered by the long-arm statute and absent any indication that defendants purposely affiliated themselves with the Commonwealth of Pennsylvania, they lack the minimum contacts with this forum which would justify the Court's assertion of *in personam jurisdiction* over them.

A general rule extending § 5322(a)(10) to include statutory violations which have an effect within the Commonwealth, regardless of where they were committed, particularly if applied to corporate officers acting in their corporate capacities, would implicate significant due process concerns. Corporate officers could find themselves personally defending actions in every jurisdiction in which the corporation may be required to defend itself, no matter what the nature of the individuals' contacts with the forum and indeed in the absence of any contacts. Doubtless, there is a plethora of state regulations, throughout the country, to which corporate officers would be subjected and which they could unwittingly violate. It would be manifestly unfair to require such potential defendants, acting solely as corporate officers or agents, to be haled into court everywhere and anywhere that their actions may have some conceivable effect constituting a violation of state law. The corporate business community serving so many of society's needs cannot be subjected to such burdens and the law, including the Pennsylvania statute here discussed, does not impose such burden.

Thus, we construe the Pennsylvania long-arm statute narrowly, according to its plain language, and hold that, in this case, where there are no allegations of a statutory violation which took place within the Commonwealth and where the defendants admittedly have no other contacts with Pennsylvania, this Court lacks *in personam jurisdiction*. Having concluded that plaintiffs failed to establish that defendants are covered by the specific terms of the long-arm statute, it is unnecessary to further discuss the question of whether § 5322(a)(10) provides a constitutionally sufficient basis for personal jurisdiction under the circumstances of this case.

---

those additional claims over which it could not independently assert jurisdiction. Here, although plaintiffs invoke pendent jurisdiction, there are only state claims over which this Court has jurisdiction because of diversity of citizenship. There is no pendent jurisdiction because there are no pendent claims.