**INTERNATIONAL ASSOCIATION OF THEATRICAL STAGE EMPLOYEES, LOCAL UNION NO. 3, Appellants,**

v.

**MID–ATLANTIC PROMOTIONS, INC.,a Pennsylvania Corporation, Dennis Cerilli, Individually and as President of Mid–Atlantic Promotions, Inc. and Michael Feight, Individually and as Production Manager of Mid–Atlantic Promotions, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued April 27, 2004.

Filed July 16, 2004.

Ernest B. Orsatti, Pittsburgh, for appellant.

David C. Serene, Indiana, for appellees.

BEFORE: HUDOCK, GANTMAN, and POPOVICH, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, International Association of Theatrical Stage Employees, Local No. 3, asks us to determine whether Appellee, Michael Feight, is an "employer" under Pennsylvania's Wage Payment and Collection Law ("WPCL") at 43 P.S. §§ 260.1–260.12, and is therefore liable to Appellant for unpaid wages. We hold the trial court properly denied Appellant's motion to remove the compulsory non-suit, because Appellant failed to produce sufficient evidence that Appellee qualified as an "employer" under the WPCL. Accordingly, we affirm the judgment entered in the Westmoreland County Court of Common Pleas in favor of Appellee.

¶ 2 The relevant facts and procedural history of this case are as follows. On October 1, 1998, Appellee contacted Appellant, seeking laborers for a concert. Mid–

Atlantic Promotions ("Mid–Atlantic"), Appellee's employer, was promoting the concert. Appellant agreed to provide the laborers and forwarded standard contract terms which Mid–Atlantic accepted. Pursuant to Appellee's request, Appellant provided 24 employees for the October 13–18, 1998 production. Throughout this production, Appellee was the overseer who set work schedules and ordered food for the crew.

¶ 3 Appellant subsequently sent invoices totaling $14,407.92 to Appellee's attention at Mid–Atlantic Productions. Appellant received a check signed by Mid–Atlantic's owner and president, Dennis Cerilli, drawn on Mid–Atlantic's bank account. This check did not clear, because the bank account had been frozen. Appellant's subsequent demands for payment were unsuccessful.

¶ 4 On December 3, 1998, Appellant filed a complaint against Mid–Atlantic, Cerilli, and Appellee. On March 15, 1999, default judgment was entered against all three defendants, jointly and severally, in the amount of $43,407.92.[1] Appellee filed a petition to open the default judgment. On July 31, 2001, this petition was granted.

▇▇▇ ¶ 5 On May 12, 2003, the case proceeded to a non-jury trial. At the close of Appellant's case-in-chief, the court entered a compulsory non-suit in Appellee's favor. On September 3, 2003, Appellant timely filed his appeal to this Court, ostensibly from the trial court's denial of Appellant's post-trial motion to remove the compulsory non-suit.[2]

▇▇▇ ¶ 6 "This Court will reverse an order denying a motion to remove a non-suit only if the trial court abused its discretion or made an error of law." *Brinich v. Jencka,* 757 A.2d 388, 402 (Pa.Super.2000), *appeal denied,* 565 Pa. 634, 771 A.2d 1276 (2001) (citing *Emge v. Hagosky,* 712 A.2d 315, 317 (Pa.Super.1998)).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Miller v. Sacred Heart Hosp.,* 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted). We note that granting a non-suit is proper when, having viewed all the evidence in the plaintiff's favor, the elements of the cause of action have not been established. *Brinich, supra* at 402.

▇▇▇ ¶ 7 Appellant argues Appellee meets the definition of "employer" set forth in 43 P.S. § 260.2a. Appellant contends Appellee initially contacted Appel-

---

1. The judgment of $43,407.92 was comprised of the $14,407.92 in unpaid wages, and $29,000.00 in liquidated damages pursuant to 43 P.S. § 260.10.

2. Such an order is *interlocutory and* generally not immediately appealable. *Brown v. Philadelphia College of Osteopathic Medicine,* 760 A.2d 863, 865 (Pa.Super.2000), *appeal denied,* 566 Pa. 632, 781 A.2d 137 (2001). Rather, it is the subsequent judgment that is the appealable order. *Id.* A final judgment entered during the pendency of an appeal, however, is sufficient to perfect appellate jurisdiction. *Drum v. Shaull Equipment and Supply, Co.,*

787 A.2d 1050 (Pa.Super.2001), *appeal denied,* 569 Pa. 693, 803 A.2d 735 (2002).

In the present action, Appellant filed its notice of appeal on September 3, 2003. However, judgment was not entered on the verdict until October 21, 2003. Thus, Appellant's notice of appeal relates forward to October 21, 2003, the date the judgment was entered on the verdict and copies of the judgment were distributed to all the appropriate parties. *See* Pa.R.A.P. 905(a) (stating notice of appeal filed after court's determination but before entry of appealable order shall be treated as filed after such entry and on day of entry).

lant, agreed to the terms of the contract, hired and supervised the workers, coordinated their work schedule, decided the work crew composition, ordered food for the work crew, and led Appellant to believe it would be paid, because Appellee vouched for Cerilli's character. By virtue of these duties and activities, Appellant maintains Appellee is an "employer" under the WPCL and liable for unpaid wages. Thus, Appellant concludes the trial court erred when it determined Appellant presented insufficient evidence Appellee is an "employer" within the meaning of the statute. We disagree.

¶ 8 This case involves the interpretation and application of 43 P.S. § 260.2a which provides:

"Employer." Includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth.

43 P.S. § 260.2a. To hold an "agent or officer" personally liable for unpaid wages, "evidence of an active role in decision making is required." *Mohney v. McClure*, 390 Pa.Super. 338, 568 A.2d 682 (1990), *affirmed*, 529 Pa. 430, 604 A.2d 1021 (1992).

¶ 9 In *Mohney*, an employee sought unpaid wages after his employer filed for bankruptcy, a factual similarity to the instant case. The employee sought to recover the wages from Robert M. Hanak, the employer's corporate counsel and corporate secretary. The employee alleged Hanak was liable as an "employer" under the WPCL for the unpaid wages. The trial court granted Hanak's motion for summary judgment, concluding that Hanak was a non-functioning corporate officer who could not be included among those liable under the WPCL. *Id.* at 683.

¶ 10 On appeal to this Court, the employee argued the trial court's finding was contrary to the legislative intent and the plain meaning of the WPCL. This Court stated the purpose of the legislature holding officers or agents liable:

[W]as to subject these persons to liability in the event that a corporation or similar entity failed to make wage payments. Its reason for doing so is obvious. Decisions dealing with personnel matters and the expenditure of corporate funds are made by corporate officers and it is far more likely that the limited funds of an insolvent corporation will be used to pay wages and that a work force will be reduced while the corporation is still capable of meeting its obligations to its employees if personal liability is imposed on the persons who make these decisions.

*Id.* at 343–44, 568 A.2d 682 (quoting *Laborers Combined Funds of Western Pennsylvania v. Mattei*, 359 Pa.Super. 399, 518 A.2d 1296 (1986)). Thus, the *Mohney* Court reasoned there is no basis for liability under the WPCL, if there is no indication that a defendant "exercised a policy-making function in the company." *Id.* at 345, 568 A.2d 682 (adopting reasoning of *Central Pennsylvania Teamsters Pension Fund v. Burten*, 634 F.Supp. 128 (E.D.Pa. 1986)). The Court reviewed the record evidence of Hanak's role as corporate counsel and corporate secretary, his ownership of company stock, his inclusion in the company's hospitalization plan, and his authorization to sign checks for the company. Notwithstanding this evidence, it was insufficient to establish Hanak's active participation in corporate policy-making decisions or his advisement on pay or compensation. Because the employee did not produce evidence that Hanak "actively was involved in corporate decision-making," this Court affirmed the summary judgment entered in Hanak's favor.

¶ 11 In the instant case, the opinion of the Honorable Charles H. Loughran disposes of Appellant's challenge as follows:

> The issue for this Court at this stage of the proceeding is whether or not the Court abused its discretion or made an error of law in finding that [Appellant] failed to introduce evidence sufficient to establish the cause of action against [Appellee], Michael Feight, under the WPCL.
>
> In the instant case, even taking [Appellant's] evidence at its strongest, there was simply no basis for the court to find that Feight could be liable for wages under the WPCL. Specifically, [Appellant] offered no evidence:
>
> (a) that Feight was a corporate officer or shareholder of Mid–Atlantic;
>
> (b) that Feight had any authority to write checks on Mid–Atlantic's finances. Indeed the check which Mid–Atlantic wrote to [Appellant] and which was dishonored by Mid–Atlantic's bank was signed by Dennis Cerilli, and not Feight;
>
> (c) that Feight had any role in Mid–Atlantic's decision making process, as opposed to carrying out decisions made by others; or
>
> (d) that Feight gave advice to Mid–Atlantic's President, Dennis Cerilli, regarding hiring, pay or compensation of [Appellant's] members.
>
> To the contrary, [Appellant's] argument at trial and in its Brief in Support of Motion for Post–Trial Relief is that because Feight had the job title of Production Manager for Mid–Atlantic, contacted [Appellant] to arrange for the stagehands to work for Mid–Atlantic, and discussed payment after Mid–Atlantic's check signed by Dennis Cerilli bounced, Feight must have been a corporate insider. However, the conclusion urged by [Appellant] does not follow from the minimal evidence in this case regarding Mr. Feight's role at Mid–Atlantic. As the Court recognized, the mere fact that Feight contacted [Appellant] to arrange for the stagehands cannot support a finding that Feight was a corporate insider of Mid–Atlantic who actually made the decision to hire the stagehands. There was absolutely no evidence in the record to support [Appellant's] argument that "Mr. Feight actively participated in the decision making activities of the company (Mid–Atlantic) with respect to the dealings with Local 3" or that "Feight possessed and exercised an active role in decision making as production manager for Mid–Atlantic and is therefore liable under the Act."
>
> The conclusions urged by [Appellant] are simply unsupported by the record, and the Court acted correctly in granting [Appellee] Feight's motion for compulsory non-suit at the conclusion of [Appellant's] case.

(Trial Court Opinion, dated August 27, 2003, at 2–4) (internal citation omitted). We agree with the trial court's assessment of the evidence in light of prevailing Pennsylvania law. While evidence of status as a corporate officer or shareholder and of check-writing authority may be relevant, it is not necessarily dispositive of a party's status as an "employer" under the WPCL. To sustain its case against Appellee as an "employer" under the WPCL, Appellant had to show Appellee was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation. A thorough review of the record yields no evidence that Appellee undertook responsibility "as a contracting party for the payment of wages in return for labor as a policy-making officer or as an interested

owner" of Mid–Atlantic. *See Mohney, supra* at 686.

¶ 12 Based upon the foregoing, we hold the trial court properly denied Appellant's motion to remove the compulsory non-suit, because Appellant failed to produce sufficient evidence that Appellee qualified as an "employer" under the WPCL. Accordingly, we affirm the judgment entered in the Westmoreland County Court of Common Pleas in favor of Appellee.

¶ 13 Judgment affirmed.