Stephen S. HIRSCH, Appellee,

v.

EPL TECHNOLOGIES, INC.
and Paul L. Devine,

Appeal of: Paul L. Devine, Appellant.

Superior Court of Pennsylvania.

Argued April 4, 2006.
Filed Oct. 16, 2006.

Thomas G. Wolpert, Royersford, for appellant.

Michael J. Salmanson, Philadelphia, for appellees.

BEFORE: STEVENS, GANTMAN, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant Paul Devine appeals from an August 18, 2005 judgment entered in the Court of Common Pleas of Chester County.[1] We affirm.

---

1. Although *Devine's* appellate brief indicates that he is appealing from an August 18, 2005 order, the appeal properly lies from the judg- ment entered that same date. Pa.R.A.P 301. *Zeffiro v. Gillen*, 788 A.2d 1009, 1012 n. 3 (Pa.Super.2001).

¶ 2 This appeal stems from a dispute over unpaid wages. Appellee Stephen S. Hirsch was employed by EPL Technologies, of which Devine was president, CEO and chairman of the board of directors. "EPL was in essence a holding company for various operating subsidiary companies, which eventually fell in to financial distress, as did EPL." Order dated and filed 8/18/05 at 1, n. 1. Hirsch initially held the title of "Chief Quality Officer," then became "Vice President of Group Services" and "Assistant Secretary."[2] N.T. 3/14/05 at 49–50, 57.

¶ 3 "[A]bout two years after Hirsch was hired, EPL began withholding payment of his and other employees' salaries, which led to various wage collection actions by these employees against EPL." Order dated and filed 8/18/05 at 1, n. 1. The parties to this action disagree whether Hirsch was part of the group of executives who participated in the decision to withhold wages.[3]

¶ 4 On October 9, 2003, Hirsch filed a civil complaint against EPL and Devine under the Pennsylvania Wage Protection and Collection Law (WPCL),[4] seeking unpaid wages, liquidated damages, and attorneys' fees. On December 20, 2004, the parties stipulated to a $381,013.00 judgment in Hirsch's favor against EPL only. Hirsch then continued to pursue the claim against Devine, seeking to impose joint and several liability.

¶ 5 A two-day bench trial was conducted before the Honorable Ronald C. Nagle beginning on March 14, 2005. Following the conclusion of trial and the submission of arguments by the parties, Judge Nagle issued a "Decision" finding in favor of Hirsch and against Devine in the amount of $393,675.00.[5] Decision dated and filed 4/12/05. Hirsch then filed a motion for attorney's fees, and Devine filed a motion for post-trial relief. On August 18, 2005, Judge Nagle issued an order stating, in part, as follows:

> AND NOW, this 18th day of August 2005, upon consideration of Defendant, Paul L. Devine's Motion for Post Trial Relief, seeking in the alternative the entry of judgment in his favor or a new trial, and the briefs and oral arguments of the parties, the Motion is DENIED.
>
> IN ADDITION, upon consideration of the Plaintiff's post trial Motion to Amend the Decision against the Defendant, Paul L. Devine, to include the Plaintiff's Attorney's Fees and Costs, and upon consideration of Plaintiff's Motion in open court and with the agreement and stipulation of the parties that the Court's Decision of April 12, 2005 may be molded to reflect the award of Attorney's fees to the Plaintiff in the total amount of $31,079.04, as a consequence of which the Decision of April 12, 2005 is amended to reflect a Total judgment in favor of the Plaintiff and against the Defendant, Paul L. Devine only in

2. Devine describes Hirsch as the "Corporate Assistant Secretary/Acting Secretary and Group Vice President." Devine's brief at 9 (*citing* N.T. 3/14/05 at 49–50). An examination of the testimony immediately following this citation, however, reveals that Hirsch specifically denied that he acted as Secretary. N.T. 3/14/05 at 51–52.

3. Hirsch specifically testified that he had no policy-making authority with regard to the

withholding of wages, and had not agreed to go unpaid himself. N.T. 3/14/05 at 20, 27–28.

4. 43 P.S. §§ 260.1–260.45. The WPCL provides employees with a means of enforcing payment of wages and compensation withheld by an employer. *Voracek v. Crown Castle,* 2006 PA Super 232, ¶ 16, 907 A.2d 1105, 1109.

5. It does not appear that judgment in Hirsch's favor was actually entered at this time.

the amount of $412,254.04. In all other respects the Court's April 12, 2005 Decision shall remain unchanged and in full force and effect. The Prothonotary is ORDERED and DIRECTED to reflect the Decision, as so molded, on the docket.

Order dated and filed 8/18/05. In accordance with the August 18, 2005 order, a docket entry bearing the same date indicates "Judgment entered in favor of Stephen S. Hirsch against Paul L. Devine in the amount of $412,254.04."

¶ 6 Devine filed the appeal currently before us on September 15, 2005. He has filed a court-ordered Pa.R.A.P. 1925(b) statement raising several claims, which we paraphrase for simplicity as follows: (1) the trial court erred in failing to find that Hirsch was an officer and senior executive of EPL, with policy and decision making authority; (2) the trial court erred in failing to find that Hirsch, as a decision making executive, was an employer, not an employee, and, as such, was barred from piercing the corporate veil to attach personal liability to Devine; (3) the trial court's ruling that Devine is personally responsible for paying Hirsch's wages is contrary to Section 260.11a of the WPCL; (4) the trial court erred in granting Hirsch liquidated damages pursuant to Section 260.10 of the WPCL.

¶ 7 Judge Nagle responded to Devine's Rule 1925(b) statement with a Rule 1925(a) opinion directing us to his August 18, 2005 Order, which, in addition to the above quoted paragraph, contains an extensive explanatory footnote addressing the following claims: (1) whether Hirsch was a policy maker/employer under the WPCL for purposes of determining Devine's personal liability for Hirsch's wages; (2) whether Hirsch is liable for nonpayment of wages under Section 260.11a of the WPCL, thereby waiving any right to bring his own action for such conduct; (3) whether Hirsch's claim is barred by waiver or consent; and (4) whether Hirsch is entitled to liquidated damages. Rule 1925(a) Opinion filed 10/17/06 at 1, n. 1.

¶ 8 Devine has filed an appellate brief before this Court. Unfortunately, it does not carry forward in easily recognizable form the issues contained in his Rule 1925(b) statement. To further confuse the matter, the captions beginning each portion of the "Argument" section of the brief do not match the wording of the claims raised in the brief's "Statement of Questions Involved." While we strongly discourage the failure to conform an appellate brief to the court-ordered Rule 1925(b) statement, in light of the danger of waiver under *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), we find in the instant case that Devine's appellate brief provides support, albeit in a contorted form, for his Rule 1925(b) claims. Since we additionally find that the claims have been sufficiently addressed by Judge Nagle's August 18, 2005 opinion, we will address them under the following well-established standard:

"Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law." *Baney v. Eoute*, 2001 PA Super 260, 784 A.2d 132, 135 (Pa.Super.2001) (citation omitted). The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. *See id.* (citation omitted). We consider the evidence in a light most favorable to the verdict winner. *John B. Conomos, Inc. v. Sun Co., Inc. (R & M)*, 2003 PA Super 310, 831 A.2d 696, 703 (Pa.Super.2003), *appeal denied* 577 Pa. 697, 845 A.2d 818 (2004). We will reverse the trial court only if its findings

of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. *See Cavallini v. Pet City & Supplies, Inc.,* 2004 PA Super 141, 848 A.2d 1002, 1004 (Pa.Super.2004).

*Amerikohl Mining Co. v. Peoples Natural Gas Co.,* 860 A.2d 547, 549–550 (Pa.Super.2004).

Furthermore, it is within the province of the trial judge, sitting without a jury, to determine the credibility of the witnesses and weigh their testimony. *Allegheny County v. Monzo,* 509 Pa. 26, 500 A.2d 1096 (1985). Moreover, our Supreme Court has stated:

As long as sufficient evidence exists in the record to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. Thus rule of law is well established in our jurisprudence and is rooted in concepts of fairness, common sense and judicial economy.

*Commonwealth, Dept. of Trans. v. O'Connell,* 521 Pa. 242, 555 A.2d 873, 875 (1989). *Roman Mosaic & Tile Co. v. Thomas P. Carney, Inc.,* 729 A.2d 73, 76 (Pa.Super.1999). "In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations." *Voracek,* 2006 PA Super 232, ¶ 14, 907 A.2d at 1109, .

¶ 9 The Pennsylvania Supreme Court recently articulated the purpose of the WPCL as follows:

Pennsylvania enacted the WPCL to provide a vehicle for employees to enforce payment of their wages and compensation held by their employers. The underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when an employer breaches its contractual obligation to pay wages. The WPCL does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement.

*Thomas Jefferson Univ. v. Wapner,* 903 A.2d 565, 574 (Pa.Super.2006) (citing *Hartman v. Baker,* 766 A.2d 347, 352 (Pa.Super.2000)).

■ ¶ 10 The WPCL defines "employer" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. 260.2a. "To hold an 'agent or officer' personally liable for unpaid wages, 'evidence of an active role in decision making is required.'" *Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid–Atl. Promotions, Inc.,* 856 A.2d 102, 105 (Pa.Super.2004) *(citing Mohney v. McClure,* 390 Pa.Super. 338, 568 A.2d 682 (1990), *affirmed per curiam* 529 Pa. 430, 604 A.2d 1021 (1992)). In that case, a panel of this Court found that "[t]o sustain its case against Appellee as an "employer" under the WPCL, Appellant had to show Appellee was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation." *Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid–Atl. Promotions, Inc.,* 856 A.2d at 106.

¶ 11 As a panel of this Court has noted, although the WPCL defines "employer," it does not define "employee." *Morin v. Brassington*, 871 A.2d 844, 849 (Pa.Super.2005).

> Where a statute does not supply a definition for a term, we must apply the rules of statutory construction. 1 Pa. C.S. § 1502(a)(1). Under these rules, technical words are to be construed according to their "peculiar and appropriate meaning." 1 Pa.C.S. § 1903(a). Two Pennsylvania statutes, the Unemployment Compensation Act and the Worker's Compensation Act, provide technical definitions of the term "employee." [ ... ] We find the statutes more persuasive than agency theory as to the WPCL meaning of "employee" because the statutes, like the WPCL, concern compensation for employees and, therefore, provide a more similar context.

*Morin*, 871 A.2d at 849 (citing *Frank Burns, Inc. v. Interdigital Communications Corp.*, 704 A.2d 678, 680 (Pa.Super.1998)).

■ ¶ 12 In the instant case, Devine does not contest that Hirsch was an employee of EPL. Devine's brief at 21. Instead, he argues that because Hirsch was also an executive officer and policy maker at EPL, he should not be allowed to utilize the WPCL to sue Devine, a similarly situated executive and policy maker, for corporate acts advanced by both men. *Id.* at 19, 21–30. Devine's argument in this regard could be construed in two ways: (1) that Hirsch is barred from suing Devine under the WPCL because Hirsch's **title** qualified him as an employer under the WPCL, or (2) that Hirsch is barred from suing Devine under the WPCL because Hirsch's

actual **job duties** qualified him as an employer under the WPCL. We conclude that Devine is not entitled to relief under either scenario.

■ ¶ 13 We begin by noting that persons considered employers under the WPCL have been permitted to use the Act to hold their similarly situated fellow employers liable for unpaid wages. Thus a person's status as an employer does not automatically prevent relief under the WPCL. *Goodyear v. Pennsylvania Steel Foundry & Machine Co.*, 43 D & C.4th 285 (Court of Common Pleas of Berks County 1999) (President and CEO brought a WPCL claim against company. The trial court denied the company's motion for summary judgment disputing whether the money allegedly due constituted wages for purposes of the WPCL, holding that the money was wages).[6]

¶ 14 Therefore, in the instant case, Hirsch's title alone does not bar him from suing Devine under the WPCL. Neither is Hirsch precluded from seeking relief under the WPCL as the result of his actual job duties, as we agree with Judge Nagle that that those duties did not qualify him as a policy-making employer under the WPCL.

■ ¶ 15 As we noted above, to be considered an employer for purposes of the WPCL, a person must have exercised a policy-making function in the company and/or an active role in the corporation's decision making process. *Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid–Atl. Promotions, Inc.*, 856 A.2d at 105, 107. In the instant case, Judge Nagle determined that Hirsch did not have policy-making power, nor did he play an active role in EPL's decision mak-

---

6. We recognize that decisions of the Court of Common Pleas are not binding precedent; however, they may be considered for their persuasive authority. *Varner v. Holley*, 854 A.2d 520, 522 n. 1 (Pa.Super.2004).

ing process, and as such, was not an employer under the WPCL. Judge Nagle explained as follows:

In addition to the testimony of the parties and Devine's witnesses, both sides to this litigation produced numerous documents to support their respective positions on this issue. As that testimony unfolded, it became increasingly clear to the court that Hirsch was far from a policy maker at EPL. Although there is evidence that he signed documents binding the corporation as its assistant secretary (for example, an Amended and Restated Note dated June 2, 2001 for $1,000,000.00) the note was negotiated and authorized by others, and he executed the note only at the direction of the Board of Directors and his superiors, including Devine. As the corporation went further into debt, it was forced to move to a rented 1,500 square foot office space in Devon, Pennsylvania, where as a consequence of clerical staff attrition, he was the only person manning the office, performing day-to-day ministerial and clerical functions. As time went by, employee and other creditor claims were increasingly asserted against the corporation, and Hirsch was detailed to interface directly with the creditors and EPL's legal counsel respecting claims then being filed against EPL. However, he had no independent authority to settle claims or write check to pay creditors. Indeed, he reported creditor demands and threatened actions by them to Chief Financial Officer, Tom Beach and Financial Consultant, Tom Owen for direction as to which creditors to pay, and amount and timing of payments. While he dealt administratively with unemployment compensation claims filed by former employees, he had no independent authority to hire and fire employees, or to bind the corporation to agreements or obligations, absent the

approval of Devine or those above him. Nor did he have any authority over any of EPL's subsidiary companies, which were the prime revenue producing instruments within EPL's corporate structure.

While Devine testified that Hirsch was an executive officer of EPL, he was not reported as such in EPL's annual reports, which must be filed with the U.S. Securities and Exchange Commission. Among these is federal Form 10K, which among other information, is required to identify the corporation's Directors and Executive Officers. In the annual reports for years 1999 and 2000 (after which no reports were filed), Hirsch was not among this individuals so identified in those reports. While not dispositive of the issue of Hirsch's alleged executive status as a high-ranking corporate officer, taken with the other evidence, it is persuasive on the issue before the court. While Devine characterized Hirsch as being a part of a group that made corporate decisions, in fact, no specific corporate policy-making decisions in which Hirsch participated were identified. He initially wrote a policy manual for EPL and once visited an EPL subsidiary company in California to evaluate it, but his recommendation to Devine to fold that company was rejected. In short, while admittedly some of Hirsch's duties would appear on the surface to invest him with decision-making authority, we concluded that Hirsch enjoyed no policy-making authority, that his decisions were not policy related, that he performed primarily managerial and ministerial duties within his sphere of responsibility, and was a minor player in the corporate structure of EPL.

Devine argues that Hirsch shared discretionary authority with Devine to make and withhold distributions of sala-

ry to senior executives and officers both de facto and as a consequence of his office in the corporation and as a senior executive. There is simply no credible evidence that supports this contention. Order dated and filed 8/18/05 at note 1, pages 3–4. We find no reversible error in Judge Nagle's conclusion that Hirsch was not an employer for purposes of the WPCL.

¶ 16 We are guided in this regard by a variety of cases involving application of the WPCL, including *Mohney v. McClure, supra*. In *Mohney*, the trial court determined that the secretary of a corporation was not liable under the WPCL since he was a "non-functioning" officer of the corporation, and therefore, was not included within the class of persons intended to be held liable under the WPCL for nonpayment of wages. *Id.*, 568 A.2d at 684. The *Mohney* appellee's title and duties were described as follows:

appellee was not involved in the policy-making decisions of the corporation. Appellee was the attorney for the corporation and received a small monthly retainer for the legal services performed. He was included in the corporation's hospitalization plan, owned 50 of the 7,000 shares of issued stock, and took minutes at each meeting of the corporation. In addition, he had authorization to sign checks on the corporate checking account. Nevertheless, none of these indicate that he actively participated in decisions or gave advice regarding pay or compensation. Instead, they show that he merely carried out decisions made by others. Therefore, there is no basis for appellee's liability, other than by virtue of holding office as corporate secretary.

*Id.*, 568 A.2d at 685–686. The employee appellant argued that it was error for the trial court to look beyond the appellee's title and inquire into his actual functions. *Id.* A panel of this Court affirmed the trial court, however, noting:

We prefer to adopt the rational of the U.S. District Court in *Central Pennsylvania Teamsters Pension Fund v. Burten*, 634 F.Supp. 128 (E.D.Pa.1986), which held that "[a]bsent some indication that [the defendant] exercised a policy-making function in the company, he is not among the class of persons who may be liable under the WPCL." *Id.* at 131; *see also Bowers v. Neti Technologies, Inc.* 690 F.Supp. 349 (E.D.Pa.1988).

While we agree that "scienter" concerning nonpayment of wages is not required for civil liability, we hold that evidence of an active role in decision making is required. We thus do not agree with appellant that the legislature intended liability merely by virtue of holding corporate office.

*Mohney*, 568 A.2d at 686. *See also Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3, supra.*[7]

7. In that case, the appellant union filed suit under the WPCL against the appellee production manager (among others). *Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3*, 856 A.2d at 106. In concluding that the union failed to produce sufficient evidence that the production manager qualified as an "employer" under the WPCL., a panel of this Court explained that:

While evidence of status as a corporate officer or shareholder and of check-writing authority may be relevant, it is not necessarily dispositive of a party's status as an "employer" under the WPCL. To sustain its case against Appellee as an "employer" under the WPCL, Appellant had to show Appellee was actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation. A thorough review of the record yields no evidence that Appellee undertook responsibility "as a contracting party for the payment of wages in return for labor as a policy-making offi-

¶ 17 Here, as stated above, Judge Nagle relied on a variety of evidence and testimony to support his conclusion that Hirsch was not a policy maker. "When reviewing the results of a non-jury trial, we are bound by the trial court's findings of fact, unless those findings are not based on competent evidence. Absent an abuse of discretion, we are bound by the lower court's assessment of credibility of parties." *Adler v. Tauberg*, 881 A.2d 1267, 1268–1269 (Pa.Super.2005) (citation omitted). "We, as an appellate court, will not invade the credibility-determining powers of the fact-finder merely because the evidence was conflicting and the fact-finder could have decided the case either way." *Morin*, 871 A.2d at 852. In the instant case, we find that Judge Nagle's findings of fact are supported by competent evidence, and further, that no abuse of discretion occurred. As such, Devine's argument that Hirsch should be precluded from bringing suit under the WPCL, based on his argument that Hirsch was an employer under the Act is of no merit.

¶ 18 Devine also argues that Hirsch is civilly or criminally liable under the WPCL, and, as such, is barred from bringing suit against another officer of EPL.

This claim again hinges on Devine's assertion that Hirsch was an executive officer/policy maker, and is thus not entitled to bring an action under the WPCL against another similarly situated executive officer/policy maker for the withholding of wages advanced by both men. As we found, above, however, the evidence supports Judge Nagle's conclusion that Hirsch was not a policy maker, and did not participate in the decision to withhold wages. Nothing Devine sets forth in support of his second claim alters this finding.[8] Although Devine urges us to disregard credibility determinations made by Judge Nagle, such action is clearly not our function. *Voracek, supra; Roman Mosaic & Tile Co., supra.* We find no error in Judge Nagle's refusal to find Hirsch civilly or criminally liable under the WPCL so as to bar him from seeking relief against Devine.

¶ 19 Lastly, Devine argues that Judge Nagle erred in his findings of fact and/or abused his discretion in granting Hirsch liquidated damages under Section 260.10 of the WPCL because a good faith dispute existed between Hirsch and Devine regarding the payment of wages.[9]

---

cer or as an interested owner" of Mid–Atlantic.
*Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3*, 856 A.2d at 106–107.

**8.** We note that in the criminal context, as in the civil context, this Court has refused to hold that title alone is sufficient to qualify someone as an employer under the WPCL. *Commonwealth v. Giugliano*, 351 Pa.Super. 162, 505 A.2d 317, 320–321 (1986).

**9.** Section 260.10 states as follows:
Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employe of a proper claim or for sixty days beyond the date of the agreement, award or other act making

wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($ 500), whichever is greater.
43 P.S. § 260.10. Thus, "[t]he WPCL is not only a vehicle for recovery of unpaid wages; it also provides for damages in the event an employer withholds compensation in the absence of good faith." *Thomas Jefferson University*, 903 A.2d at 574. Although the statute

Specifically, Devine asserts that "[t]he application of settled corporate law on behalf of Appellant Devine and Appellee Hirsch's own conduct over such an extended period of time creates a good faith basis to resist such a claim against Devine, personally." Devine's brief at 45–46.

¶ 20 We do not reach the merits of this claim, in light of our resolution of Hirsch's allegation that Devine has waived it by (1) failing to plead a good faith right to set-off or counter-claim in his Answer and New Matter to Hirsch's Complaint,[10] and (2) failing to address the issue of liquidated damages in his trial memorandum or proposed findings of fact and conclusions of law. Hirsch's Brief at 27. Hirsch further points out that when Devine finally addressed the issue of liquidated damages for the first time in his post-trial motion, his argument against awarding such damages did not include Devine's current assertion that liquidated damages are not required because a good faith contest or dispute existed as to Hirsch's ability to sue under the WPCL as the result of his alleged status as an employer, but was instead limited to a claim that that liquidated damages were not required because the evidence showed that the non-payment of wages was caused by substantial unavailability of funds.[11] Id. Devine's brief does not assert that he raised his current argument before the trial court.

¶ 21 A review of the record supports Hirsch's assertion that Devine failed to raise the issue before the trial court, and,

as a result, he is precluded from raising it for the first time on appeal. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Amalgamated Cotton Garment & Allied Industries Fund v. Dion*, 341 Pa.Super. 12, 491 A.2d 123, 124 (1985) ("Matters not raised below will not be considered for the first time on appeal.").

¶ 22 Based on the foregoing, we affirm the lower court.

¶ 23 Affirmed.

---

is silent as to which party bears the burden of proof with respect to whether the employer acted in good faith, case law makes it clear that the burden rests with the employer. *Id.*, 903 A.2d at 575.

10. Hirsch's Complaint asserted that "Defendants have no good faith contest or dispute of Plaintiff's wage claim, and no good faith assertion of a right of set-off or counter claim

exists accounting for such non-payment." Complaint filed 10/9/03 at 3.

11. Devine's Post–Trial Motion states in pertinent part as follows: "38. There was no basis in fact for the imposition of the 25% liquidated penalty, where all credible testimony indicated that non-payment was caused by a substantial unavailability of funds...." Post Trial Motion filed 4/21/05 at 11.