J-A24005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| J.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, AND | : | No. 1289 EDA 2024 |
| KEVIN R. STEELE | : | |

Appeal from the Order Entered April 8, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2024-00587

BEFORE: LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM PER CURIAM:                          **FILED JANUARY 29, 2025**

J.A. appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying his petition for restoration of firearms rights filed pursuant to section 6105(f)(1) of the Pennsylvania Uniform Firearms Act (UFA), 18 Pa.C.S.A. §§ 6101-6128. After our review, we affirm based on the opinion authored by the Honorable Richard P. Haaz.

Pursuant to sections 302 and 303 of the Mental Health Procedures Act (MHPA), 50 P.S. §§ 7302, 7303, J.A. had been involuntarily committed on February 20, 2021 and February 25, 2021, respectively.[1] Consequently, J.A.

---

[1] J.A. was seventeen years old when his parents, both healthcare professionals, [] filed a petition for involuntary commitment of their son, fearing for his and their own safety. J.A.'s father, a psychiatrist, reported that J.A.'s "paranoia, grandiosity, and dysregulated mood has severely escalated over the past 30 days—police had to be called three times to calm him and

*(Footnote Continued Next Page)*

was subject to state and federal firearm restrictions.  ***See*** 18 Pa.C.S.A. § 6105(c)(4);[2] 18 U.S.C. § 922(g)(4).[3]

---

protect us[;] CYS and Mobile Crisis have also come to our home several times over [the] past 30 days[.]" Application for Involuntary Emergency Examination and Treatment (Section 302 Petition), 2/20/21.  J.A.'s father and mother also reported that J.A. had made verbal threats toward them, that J.A. believed they were stealing his mail, and that J.A. believed his mother was trying to poison him.  ***Id.***  J.A. was treated at Horsham Clinic for two days. After examination and evaluation, James Yi, M.D., a board-certified psychiatrist, submitted a request that the court certify J.A. for extended section 303 involuntary treatment pursuant to  section 7303 of the MHPA. ***See J.A. v. Montgomery County***, ***et al***., 1362 EDA 2022 (Pa. Super. filed April 11, 2023) (unpublished memorandum decision), *appeal denied* 309 A.3d 696 (Pa. Dec. 20, 2023).

[2] 18 Pa.C.S.A. § 6105(c) provides:

> Other persons.--In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
> * * *
>
> (4) A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act. This paragraph shall not apply to any proceeding under section 302 of the Mental Health Procedures Act unless the examining physician has issued a certification that inpatient care was necessary or that the person was committable.

18 Pa.C.S.A. § 6105(c)(4).

[3] Federal firearm restrictions, pursuant to the Federal Gun Control Act of 1968, 18 U.S.C. § 921 *et seq.*,  apply to one "who has been . . . committed to a mental institution[.]"  18 U.S.C. § 922(g)(4).

On January 10, 2024, J.A. filed a petition seeking restoration of his firearm rights pursuant to section 6105(f)(1) of the UFA. Judge Haaz held a hearing on April 5, 2024. On April 8, 2024, Judge Haaz denied J.A.'s petition. *See* Order, 4/8/24. J.A. filed a timely appeal. Both Judge Haaz and J.A. have complied with Pa.R.A.P. 1925.

J.A. raises two issues for our review:

1. Whether the trial court capriciously rejected the psychologist's assessment and conclusions where the basis of the rejection is [J.A.'s] "personal motive" for seeking the restoration of his rights.

2. Whether the trial court abused its discretion in second-guessing the merits of the methodology that [Robert] Tanenbaum[, Ph,D.], employ[ed] in reaching his expert conclusions.

Appellant's Brief, at 3.

Section 6105(f)(1) of the Crimes Code states: "Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." 18 Pa.C.S.A. § 6105(f)(1). This Court has stated that section 6105(f)(1) "plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court." *E.G.G. v. Pennsylvania State Police*, 219 A.3d 679, 683 (Pa. Super. 2019). An abuse of discretion "is not merely an error in judgment. . . . [It] occurs when the law is overridden or misapplied, or the

judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Id.* Moreover, "it is well-settled that a [ ] finder of fact is free to believe all, part or none of a witness' testimony" and therefore may "discount[ ] the testimony of Appellant's psychiatric expert." *Id.*

At the hearing, the court heard testimony from J.A. and J.A.'s expert, Dr. Tanenbaum, a licensed clinical psychologist. Doctor Tanenbaum evaluated J.A. prior to the hearing and testified in support of J.A.'s request. The trial court found neither Dr. Tanenbaum nor J.A. credible and, therefore, determined that J.A. did not meet his burden of establishing by a preponderance of the evidence that he was no longer a threat to himself or others.

The trial court noted that Dr. Tanenbaum's report was "incomplete," devoted entirely to the events precipitating the involuntary commitment; that Dr. Tanenbaum did not contact either J.A.'s treating psychiatrist or J.A.'s parents; and that his assessment and conclusions were "unduly driven by [J.A.'s] personal motive to exonerate himself to his parents." Trial Court Opinion, 5/23/24, at 6. The court also found J.A.'s credibility compromised by a false statement in his petition—the production of a transcript from Vanderbilt University, which he never attended—and his "deceptions to his lawyer and psychologist about the accuracy of his educational history." *Id.* at 7. Additionally, the court found concerning the fact that J.A. did not offer

the testimony of his treating psychiatrist. The court ultimately found both J.A. and Dr. Tanenbaum unworthy of belief.

As the factfinder, the trial court had the right to assess the witnesses' credibility. *See J.C.B. v. Pennsylvania State Police*, 35 A.3d 792, 797 (Pa. Super. 2012) (finding "the trial court, as the fact finder, acted within its discretion in[,]" *inter alia*, "discounting the testimony of Appellant's psychiatric expert."). As an appellate court, we must pay proper deference to this credibility determination.

After our review of the parties' briefs, the record, and the relevant law, we conclude that Judge Haaz did not abuse his discretion in determining that J.A. did not meet his burden. *See Hirsch v. EPL Technologies, Inc.,* 910 A.2d 84, 88 (Pa. Super. 2006) ("[a]s long as sufficient evidence exists in the record to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility").

In short, based upon the record before us, we cannot conclude that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." *E.G.G.*, 219 A.3d at 684. We decline to disturb the trial court's order.

We rely on Judge Haaz's opinion to affirm the order denying J.A.'s petition for restoration of firearm rights, and we direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  1/29/2025