J-A07020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRENT MILES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SYBIL PEACHLUM | : | |
| | : | |
| Appellant | : | No. 1076 MDA 2024 |

Appeal from the Judgment Entered September 30, 2024
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2022-CV-04180-DJ

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 25, 2025**

Appellant, Sybil Peachlum, appeals *pro se* from the judgment entered September 30, 2024 in favor of Appellee, Brent Miles.  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> This action arose out of a landlord-tenant dispute which [Appellee] initiated at the magisterial district [court] level. [After t]he magisterial district judge found in [Appellee's favor, Appellant] appealed and obtained supersedeas.  [Appellant] act[ed] *pro se* in all filings.  On July 22, 2022, [Appellee] filed a complaint at this docket.  After [granting] numerous extensions, [Appellant] filed an answer to [Appellee's] complaint on September 12, 2022.
>
> ***
>
> [Ultimately, Appellee] requested a non-jury trial [which was conducted on] October 12, 2023.  At the conclusion of trial, [the trial court] directed the parties to file proposed findings of fact and conclusions of law within 30 days of the filing of the transcript.  [The parties timely complied.]

Trial Court Opinion, 3/6/24, at *1 (unpaginated) (unnecessary capitalization omitted). On March 6, 2024, the trial court returned its verdict in Appellee's favor and granted Appellee possession of the subject rental property. **Id.** This timely appeal followed.[1]

Appellant raises the following issues for our consideration.

1. Whether [the trial court's] refusal to supplement [its] prior opinion was unjustified[?]

2. Whether [the trial court] appears to chide [] Appellant for filing "*pro se* appeals" as opposed to [retaining] an attorney with a law degree[?]

---

[1] The trial court's March 6, 2024 order indicated that it entered the non-jury verdict and "judgment" in Appellee's favor. Appellant, therefore, did not file a post-trial motion and, instead, filed a notice of appeal to this Court on March 15, 2024. On May 28, 2024, this Court quashed Appellant's appeal to enable her to file any post-trial motions within 10 days. **See** Order, 5/28/24, *citing* **Jenkins v. Robertson**, 277 A.3d 1196, 1199 (Pa. Super. 2022) (quashing appeal and granting appellant 10 days to file post-trial motions to correct trial court's error where judgment was entered simultaneously with non-jury verdict and before the 10-day period for filing post-trial motions expired). Thereafter, on June 7, 2024, Appellant filed a post-trial motion, which the trial court denied on June 24, 2024. On July 23, 2024, Appellant filed another notice of appeal, this time, from the June 24, 2024 order denying her post-trial motion. Because no final, appealable judgment appeared on the trial court's docket, this Court issued orders on September 4, 2024 and September 19, 2024, directing Appellant to *praecipe* the trial court prothonotary to enter a final, appealable judgment. **See International Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid-Atlantic Promotions, Inc.**, 856 A.2d 102 (Pa. Super. 2004) (reiterating that denial of post-trial motion to remove non-suit is interlocutory and generally not immediately appealable; it is the subsequent entry of judgment that is appealable). Ultimately, judgment was entered on September 30, 2024. Based upon the foregoing, we deem Appellant's appeal timely filed. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

3. Whether [the trial court] erred in [its] statement that [] Appellant's [prior] *pro se* appeals were quashed by the Superior Court[?]

4. Whether [the trial court] erred in [its] statement that [] Appellant failed to file post-trial motions[?]

5. Whether [the trial court] erred on June 24, 2024 by [advising] Appellant to appeal her post-trial motions to a court that could not hear her appeal without a judgment being entered against her[?]

6. Whether [the trial court] erred in overlooking [] Appellant's demand for a jury trial[?]

7. Whether [the trial court] erred in failing to recognize that [] Appellant presented new arguments in her August 29, 2024 concise statement of matters complained of on appeal?

Appellant's Brief at *1-*3 (unpaginated) (unnecessary capitalization omitted).

Before we address the merits of Appellant's claims, we must determine whether she preserved her appellate issues for our review. Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in relevant part, as follows:

> **(b) Direction to File Statement of Errors Complained of on Appeal; Instructions to the Appellant and the Trial Court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> ***
>
> **(4) Requirements; waiver.**
>
> ***
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

- 3 -

Pa.R.A.P. 1925(b)(4). This Court has consistently held that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

A review of the certified record reveals that Appellant did not include any of the issues she currently raises on appeal in her Rule 1925(b) statement, filed August 29, 2024. *See* Appellant's Rule 1925(b) Statement, 8/29/24, at *1-*3 (unpaginated). Hence, all of Appellant's claims are waived and we are precluded from addressing the merits thereof.[2]

---

[2] On January 29, 2025, Appellant filed an application for relief, seeking to withdrawal her appellate brief, as well as an application to strike Appellee's brief. In both applications, Appellant cited to Superior Court Docket Number 1594 MDA 2024. This docket number was generated after Appellant filed a notice of appeal from the September 30, 2024 entry of judgment. The appeal lodged at Superior Court Docket Number 1594 MDA 2024 was dismissed as duplicative of the instant matter. *See* Order, 12/19/24 (dismissing Appellant's appeal as duplicative). On February 11, 2025, however, Appellant filed another application for relief, asking this Court to "disregard" her request to withdraw her appellate brief and application to strike Appellee's brief. We will grant Appellant's February 11, 2025 application and disregard her applications filed January 29, 2025.

Judgment affirmed. Application for relief filed February 11, 2025 granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/25/2025