J-A08023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT MANCINI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CONCORDE GROUP, INC. AND HOWARD GORDON AND VALERIE BRADLEY | |
| Appellants | No. 1849 EDA 2016 |

Appeal from the Judgment Entered May 20, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 10-6489

\*\*\*\*\*

| | |
|---|---|
| ROBERT MANCINI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CONCORDE GROUP AND HOWARD GORDON AND VALERIE BRADLEY | |
| APPEAL OF: VALERIE BRADLEY | |
| | No. 1875 EDA 2016 |

Appeal from the Judgment Entered May 31, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 10-6489

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 08, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

Concorde Group, Inc., ("Concorde"), Howard Gordon ("Gordon") and Valerie Bradley ("Bradley") (collectively, "Defendants") appeal from the order denying their post-appeal post-trial motion and motion for reconsideration and the judgment entered upon the orders denying their post-trial/reconsideration motions in this Pennsylvania Wage Payment and Collection Law[1] ("WPCL") case. After careful review of this matter, we have determined that no final order exits from which an appeal can be taken. Therefore, we are constrained to quash these consolidated appeals.

The trial court aptly summarizes the relevant, convoluted facts of the underlying action:

> On May 28, 2010, [Mancini] initiated this action by complaint alleging that Concorde, his former employer, failed to issue him payroll checks on 19 separate occasions from September 2008 to March 2010. During the contested timeframe, Gordon and Bradley were both officers and shareholders of Concorde. Within his complaint, [Mancini] raised the following four counts against each [Defendant]: 1) a violation of the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. §§ 260.1-260.12; 2) wrongful discharge; 3) a violation of the Pennsylvania Whistleblower Law, 42 P.S. §§ 1421-1428; and 4) unjust enrichment.
>
> *    *    *
>
> [Mancini] filed a motion for summary judgment against Concorde and Gordon and for partial summary judgment against Bradley on September 16, 2011. Concorde, Gordon, and Bradley filed answers to this motion on October 7 and October 17, 2011, respectively. On March 29, 2012, the trial court granted [Mancini]'s motion for summary judgment solely as to liability. Specifically, the trial court entered judgment in favor of

---

[1] 43 P.S. §§ 260.1-260.12.

[Mancini] and against Concorde and Gordon as to all counts of the underlying complaint and in favor of [Mancini] and against Bradley as to the first count of the complaint, i.e., a violation of the WPCL.

[] On August 13, 2012, [Mancini] moved to voluntarily discontinue his action against Bradley as to the remaining counts of the complaint, to wit, wrongful discharge, a whistleblower violation, and unjust enrichment. **See** Pa.R.C.P. 229 (providing that '[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial[]'). The trial court granted this request on October 11, 2012.

On December 21, 2012, Concorde and Gordon filed a motion in limine to preclude an award of damages to [Mancini]. Essentially, this motion asserted that [Mancini] is ineligible to recover damages because he is not entitled to relief on the underlying causes of action. On January 29, 2013, the trial court denied Concorde and Gordon's motion, stating that it "decline[d] to revisit, modify and/or rescind the [summary judgment o]rder issued March 28, 2012[.]" Trial Court Order, 1/29/13.

The trial court proceeded to schedule a damages hearing for February 13, 2013. Prior to the scheduled damages hearing, [Mancini] filed a petition for attorneys' fees awardable pursuant to the WPCL. Following the damages hearing, the trial court entered an order that awarded both damages and attorneys' fees to [Mancini]. As to [Mancini]'s WPCL claim, the trial court entered judgment in favor of [Mancini] and against Concorde, Gordon, and Bradley in the amount of $29,948.34 (constituting $23,958.67 in unpaid damages and $5,989.67 in liquidated damages). Pursuant to the WPCL, the trial court also awarded [Mancini] $49,820.00 in attorneys' fees and $3,645 .91 in costs. The trial court ordered Concorde, Gordon, and Bradley to pay these fees and costs jointly and severally. As to [Mancini]'s wrongful discharge claim, the trial court entered judgment in favor of [Mancini] and against Concorde and Gordon in the amount of $47,250.00 (constituting $42,000.00 in lost wages and $5,250.00 in lost employee benefits). At the time of the hearing, [Mancini] withdrew his whistleblower and unjust enrichment claims against Concorde and Gordon. Trial Court Opinion, 1/8/14, at 5.

Concorde, Gordon, and Bradley filed timely post-trial motions on May 1 and May 2, 2013, respectively. The trial court granted

reconsideration of its damages verdict on May 16, 2013. Following reconsideration, the trial court denied Concorde, Gordon, and Bradley's post-trial motions by orders dated July 5, 2013. Following [Mancini]'s praecipe, the Delaware County Prothonotary entered judgment in favor of [Mancini] and against Concorde, Gordon, and Bradley in the above-stated amounts on July 26, 2013. On July 31, 2013, Concorde, Gordon, and Bradley timely filed their notices of appeal.

Trial Court Opinion, 8/9/16, at 2-5 (footnotes omitted).

On appeal, our Court vacated the underlying judgments, reversed the orders granting summary judgment and imposing sanctions, and remanded for further proceedings. Our Court concluded that the trial court "failed to address the importance of the excluded evidence when formulating its discovery sanction [and] based its order primarily upon the prejudice endured by [Mancini when it was] unclear whether Concorde and Gordon or Attorney Coopersmith dictated these actions." *Mancini v. Concorde, et al.*, 2233 & 2234 EDA 2013 (Pa. Super. 2014 filed 9/25/14). Finally, the Court concluded that there was a genuine issue of material fact that existed with regard to whether Bradley, as CEO, had a role in the corporate decision-making or corporate advisement at Concorde on matters of pay or compensation. *Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid-Atl. Promotions, Inc.*, 856 A.2d 102 (Pa. Super. 2004).

On August 25, 2015, Mancini filed a motion for partial summary judgment on Count I (WPCL claim) of his complaint, including liquidated damages. Defendants filed a post-appeal motion for summary judgment. On October 14, 2015, the trial court entered an order granting Defendants'

post-appeal motion for summary judgment on Count III (Pennsylvania Whistleblower Statute[2]) and Count IV (unjust enrichment) and denying the motion with regard to Count I (WPCL) and Count II (wrongful discharge). The trial court, thereafter, concluded the only viable issues remaining in the case were:

(1) The amount of additional attorney fees and costs that may be granted to the Plaintiff for his counsel's efforts: (a) in pursuing his claims under the WPCL through the entry of judgment; (b) during post-judgment litigation; and (c) during the remand process; and

(2) Whether the Court should award attorney fees and costs to the Defendants on the grounds of alleged obdurate and vexatious conduct by the Plaintiff in pursuing his law[]suit against the Defendants' wishes from the date of the filing of the Complaint on May 28, 2010 until the present day pursuant to 42 Pa.C.S. § 2503.

Trial Court Opinion, 8/9/16, at 32-33.

On October 22, 2015, Mancini filed a petition for post-judgment attorneys' fees.[3] After a hearing and briefing by the parties, on January 12, 2016, the trial court entered an order denying Defendants' request for attorneys' fees and costs under section 2503, but granting Mancini "reasonable and necessary attorneys' fees" in the amount of $3,490.28 under the WPCL as well as post-appeal attorneys' fees ($34,775.00) and

_____

[2] *See* 43 P.S. §§ 1421-1427.

[3] In an October 22, 2015 letter sent to defense counsel, Mancini voluntarily discontinued his wrongful discharge claim. The Defendants consented to this discontinuance. *See* Pa.R.C.P. 229(b)(1).

- 5 -

costs ($2,331.44)[4] incurred in litigating his WPCL claim. *See* 43 P.S. § 260.9(a)(f). Defendants filed a motion for reconsideration of the court's order granting Mancini's petition for attorneys' fees and costs, which the court denied on February 8, 2016.

Concorde/Gordon and Bradley, respectively, filed a post-appeal post-trial motion and motion for reconsideration, which the court denied. On May 31, 2016, Mancini praecipied for the entry of judgment on the court's verdict, which was entered on the same day. Bradley and Concorde/Gordon filed timely separate appeals from the trial court's order denying their post-verdict motions. The Defendants filed timely court-ordered Pa.R.A.P. 1925(b) concise statements of matters complained of on appeal.

On appeal, Bradley raises the following issues for our consideration:

(1) Whether the lower court erred in entering summary judgment against . . . Bradley on Mancini's claim under the [WPCL] where a substantial question of material fact exists as to whether she took an active part in managing Concorde . . . and engaged in policy and/or personnel decisions of the company so as to be an "employer" under the statute.

(2) Whether the lower court erred in entering summary judgment against . . . Bradley on Mancini's claim under the [WPCL] where a substantial question of material fact exists as to whether the funds at issue were loans and not "wages" as that term is defined by the statute?

---

[4] Specifically, the court noted that Mancini was entitled to those costs incurred after September 23, 2014, the date of our prior panel's decision vacating, reversing and remanding the matter.

- 6 -

(3) Whether the counsel fees awarded to Mancini were unreasonable where the record reflects that an offer was made to fully compensate him for any funds he was due before this litigation ever started, and, in addition, an offer was made early in the litigation to pay him an amount that exceeded what he was due under the [WPCL]?

Concorde Group and Gordon raise the following issues on appeal:

(1) After remand, did the trial court err or abuse [its] discretion in failing to conduct the trial ordered by the Superior Court in its September 25, 2014 opinion which found [an] abuse of discretion, legal error and denial of constitutional due process to Concorde . . . and . . . Gordon?

(2) As a matter of law, do the facts of this case, never completely heard, constitute a defense to a [WPCL] claim allowing a penalty, interest and fee-shifted counsel fees?

(3) Even if the [WPCL] applied to this case, can a Plaintiff refuse to accept all the offered available statutorily prescribed relief under the WPCL while thereafter, for five years, continue to generate unnecessary fee-shifted counsel fees not only for the WPCL claim[,] but also for all ancillary claims, ultimately recovering less than the WPCL amount offered and with[]drawing the contingent fee ancillary claims?

(4) Did the trial court err and abuse its discretion awarding excessive counsel fees to the Plaintiff under the [WPCL] while failing to award counsel fees to Concorde and Gordon under 42 P.S. [§] 2503(7)(9) for Plaintiff's conduct prolonging this litigation in an unnecessary, obdurate and vexatious manner?

Before reviewing the parties' substantive issues, we address a procedural matter that may prevent our Court from reviewing this appeal. Pursuant to Pa.R.C.P. 227.1, a party must file post-trial motions *at the conclusion of a trial* in order to preserve claims that the party wishes to raise on appeal. **See Chalkey v. Roush**, 805 A.3d 491, 496 (Pa. 2002); **see also** Pa.R.C.P. 227.1, Note ("A motion for post-trial relief may **not** be filed

to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial.") (emphasis added). Moreover, while trial courts should be "flexible in considering whether filings may be construed as motions for post-trial relief or motions for reconsideration, the discretion a trial court may exercise is limited by its jurisdiction." *Kurtas v. Kurtas*, 555 A.2d 804, 806 (Pa. 1989).

In *Oak Tree Condo. Ass'n v. Greene*, 113 A.3d 113 (Pa. Commw. 2016), the Commonwealth Court, interpreting our Rules of Appellate Procedure, noted:

> A timely motion styled as one for reconsideration where post-trial motions are proper can be treated as a post-trial motion where the request for relief comports with the requirements delineated in Rule 227.1(a)(4)—to affirm, modify or change a decision—but an impermissible motion for post-trial relief cannot be treated as a proper motion for reconsideration where the appeal period has run before the motion is acted upon. Prior to the 30-day appeal period, a trial court has broad authority to modify or rescind an order, and is within its authority to exercise its discretion to decide even untimely motions where there is no objection. *See* 42 Pa.[]C.S. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry. . . if no appeal from such order has been taken or allowed."); *Arches Condominium Association v. Robinson*, 131 A.3d 122, 129 [] (Pa. Cmwlth. 2015). *However, a trial court relinquishes its ability to act once the 30-day period has passed and a motion for reconsideration has not been expressly granted to toll the appeal period.*

*Id.* at 117 (footnote omitted) (emphasis added).

In the instant matter, the trial court entered an order on January 12, 2016, denying Defendants' request for attorneys' fees and costs under

section 2503 and granting Mancini reasonable attorneys' fees under the WPCL, as well as post-appeal attorneys' fees and costs incurred in litigating his WPCL claim. On January 21, 2016, Gordon and Concorde filed "post-appeal post-trial motions" and Bradley filed a "motion for reconsideration" from that decision. On May 20, 2016, the trial court denied the Defendants' motion for post-appeal post-trial relief and petition for reconsideration. On June 15, 2016, Concorde and Gordon filed their notice of appeal from the trial court's order denying their "post-appeal post-trial motion." On June 17, 2016, Bradley filed her notice of appeal from the trial court's order denying her petition for reconsideration.

Here, Concorde and Gordon improperly filed post-trial motions where no trial was ever held. **See** Pa.R.C.P. 227.1(c). Moreover, because the trial court did not expressly grant reconsideration within 30 days of the date of the court's final order, the appeal period was not tolled for Bradley. **See** Pa.R.A.P. 903(a); 1701(b)(3).

The Defendants were required to file a notice of appeal within 30 days of the trial court's January 12, 2016 order, or to have had the trial court expressly grant a timely filed motion for reconsideration, the determination of which results in an appealable order. Because Defendants did not timely appeal the trial court's January 12, 2016 order and the trial court did not expressly grant Bradley's motion for reconsideration, the appeals must be quashed.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/8/2017</u>