J-S41036-19

2019 PA Super 284

| | | |
|---|---|---|
| E.G.G., JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellee | : | No. 174 MDA 2019 |

Appeal from the Order Entered December 28, 2018
in the Court of Common Pleas of York County
Civil Division at No(s): 2017-SU-001189

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                **FILED: SEPTEMBER 16, 2019**

E.G.G., Jr. (Appellant) appeals from the December 28, 2018 order that denied his petition for restoration of firearm rights, wherein Appellant sought to have his firearm rights restored under 18 Pa.C.S. § 6105(f)(1).[1]  We affirm.

Appellant has twice been committed involuntarily for treatment pursuant to 50 P.S. § 7302 (section 302) of the Mental Health Procedures Act (MHPA).  First, in 2003, Appellant presented at the hospital via emergency medical services (EMS) as having overdosed.  ***See*** Pennsylvania State Police

_____

[1] 18 Pa.C.S. § 6105(f)(1) provides that

> [u]pon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4)[, setting forth classes of persons prohibited from possessing firearms, including, *inter alia*, those committed involuntarily to a mental institution], the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person.

* Retired Senior Judge assigned to the Superior Court.

(PSP) Exhibit 1, at 7. The treating physician noted that Appellant was "tired of the pain - has referred to suicidal ideation[, section] 302 petition reviewed. [Appellant] clearly aching to harm himself and possibly others (wife has concerns)[, plus] gun in house." *Id.* "Under 'treatment needed' the doctor noted '[] admit/ tx [*sic*] possible medication.' Finally, the doctor concluded that '[t]he patient is severely mentally disabled and in need of treatment[,]' and directed [Appellant's] admission for a period not to exceed 120 hours." Order Denying Motion for Relief, 12/28/2018, at 2, *citing* PSP Exhibit 1, at 7.

In May 2005, Appellant once again presented at the emergency room and was subsequently involuntarily committed for a second time. *See* PSP Exhibit 2. The physician set forth the following findings, as summarized by the trial court:

> [T]he doctor not[ed] that "[Appellant] has a history of violence. [Appellant] was disoriented, agitated[,] and having visual hallucinations at time of admission." The doctor suspected [a] possible [b]enzodiazepine withdrawal. The doctor recommended "inpatient psychiatric therapy to gain insight about depression/anxiety/painkiller addiction. Needs to work on anger management, as well as impulse control." Finally, this doctor also concluded that [Appellant] was severely mentally disabled and in need of treatment.

Order Denying Motion for Relief, 12/28/2018, at 3, *citing* PSP Exhibit 2, at 7 (unnecessary capitalization omitted).

On May 2, 2017, Appellant filed a petition in which he sought expungement of his mental health records pursuant to 18 Pa.C.S. § 6111.1 or

alternatively, restoration of his firearm rights pursuant to 18 Pa.C.S. § 6105(f)(1), based upon the claim that his involuntary commitments were improper. A hearing was set before the Honorable John S. Kennedy on July 24, 2017. On that day, Appellant withdrew his request for expungement, seeking instead to "focus" solely on the restoration of his firearm rights. N.T., 7/24/2017, at 4.

In addition to testifying on his own behalf, Appellant presented the testimony of his wife, S.G. Both parties testified that Appellant's prior troubles and commitments were due to a host of medications Appellant was prescribed after a work injury, which he subsequently began to misuse. *Id.* at 6-9, 17-18. Both Appellant and S.G. testified that Appellant stopped taking pain medications in 2005 and Appellant has not had any issues since. *Id.* at 8-9, 11, 18-19. Appellant was in therapy for a few years after the 2005 commitment, but S.G. testified Appellant had not "seen anybody since 2008[.]" *Id.* at 14. In addition to the foregoing, Appellant also testified about two separate incidents where there were confrontations between store clerks and Appellant, in which the police were called.[2] *Id.* at 30-31. At the conclusion of the hearing, the trial court stated that it would defer its decision, and the record in this matter would remain open, pending the inclusion of a

---

[2] Despite police intervention, Appellant was not arrested for either of these incidents.

report from a psychologist or psychiatrist, which the trial court directed Appellant to submit. *Id.* at 33-34.

On September 20, 2018, Appellant submitted a psychological report from a privately-retained practice. The evaluator opined that "[c]urrently, [Appellant] is not experiencing significant psychological distress that would cause him to be a harm to himself or to others" and that at the time of the evaluation, Appellant did not "have suicidal or homicidal ideation and [was] not a risk to others." Psychological Evaluation, 9/20/2018, at 5 (unnumbered). The evaluator further concluded that the "reinstatement of his gun permit does not increase this risk." *Id.* The evaluator did, however, state that Appellant would, *inter alia*, "benefit from psychotherapy sessions" with the hopes of "learning coping and relaxation strategies to alleviate [Appellant's] anxiety symptoms." *Id.*

A second hearing was held on December 20, 2018.[3] Again, Appellant and S.G. testified. Appellant reiterated that his "problems" stemmed from his prior addiction to pain medication. N.T., 12/20/2018, at 15. In addition to testifying about his previous commitments, Appellant also testified that he is currently taking, *inter alia*, two anti-anxiety medications, an antidepressant, and a sleep aid. *Id.* at 22. No other witnesses were called. After the hearing,

---

[3] Since the first hearing in 2017, Judge Kennedy retired. The case was reassigned to the Honorable Richard K. Renn.

- 4 -

and upon review of the record and applicable filings, the trial court entered an order denying the motion.[4] Appellant timely filed a notice of appeal.[5]

On appeal, Appellant claims that the trial court erred in concluding that Appellant failed to present sufficient evidence to sustain his burden that Appellant was "fit to possess firearms pursuant to 18 Pa.C.S. § 6105(f)(1)." Appellant's Brief at 4 (unnecessary capitalization omitted).

> Our well-settled standard of review in cases involving a motion for expunction is whether the trial court abused its discretion. However, [q]uestions of evidentiary sufficiency present questions of law; thus, our standard of review is *de novo* and our scope of review is plenary. In conducting sufficiency review, we must consider the evidence in the light most favorable to the [party that] prevailed upon the issue at trial.

*In re Vencil*, 120 A.3d 1028, 1032 (Pa. Super. 2015) (internal citations and quotation marks omitted). "[S]ection 6105(f)(1) ... is clearly directed as a vehicle for the restoration of the right to possess firearms by those [who] have

---

[4] Despite the fact that Appellant had informed Judge Kennedy at the first hearing that he was narrowing his requested relief to focus solely on the restoration of his firearm rights under § 6105(f)(1), at the second hearing, Appellant briefly set forth his reasons in support of his request to have his mental health record expunged. **See** N.T., 12/20/2018, at 3-11. Subsequently, in its order denying Appellant's motion, Judge Renn concluded Appellant did not meet his burden with respect to either request for expungement and restoration of firearm rights. Nevertheless, because Appellant raises only the trial court's decision to deny him relief pursuant to section 6105(f)(1), we do not need to address the court's determination concerning Appellant's expungement request further.

[5] Appellant complied with the trial court's directive pursuant to Pa.R.A.P. 1925(b). In lieu of an opinion, the trial court relied on its December 28, 2018 order denying motion for relief.

previously been involuntarily committed under the MHPA." ***In re Keyes***, 83 A.3d 1016, 1023 (Pa. Super. 2013).

The trial court set forth the following in support of its decision to deny Appellant's request to restore his firearm rights.

> [The trial court has] considered the testimony offered as well as the psychological evaluation submitted by [Appellant] in support of his [motion. The trial court is] concerned that [Appellant] is still taking medication for anxiety and anti-depressants. The psychologist concluded that "[c]urrently [Appellant] is not experiencing significant psychological distress that would cause him to be a harm to himself or to others" and further concluded that he does not have suicidal or homicidal ideation, and that reinstatement of his gun permit would not increase the risk. However, [the trial court is] not so certain.
>
> A finder of fact is free to accept or reject expert opinion just as in the case of any other witness. We do not accept the psychologist's conclusions in that regard. We are further concerned that the first recommendation of [Appellant's] psychologist is to have "psychotherapy sessions with the goal to learn coping and related strategies to alleviate his anxiety symptoms." He is diagnosed with a "generalized anxiety disorder." This appears to be a continuation of the conditions which led him to the hospital in 2005.
>
> [Appellant] himself admitted to a history of confrontational behavior with store clerks such that the police were called, the latest incident being about six years ago after his hospitalizations. [Appellant] also admitted to letting "things build up" so that [Appellant] thinks talking to a counselor would be helpful.

Order Denying Motion for Relief, 12/28/2018, at 4-6.

On appeal, Appellant contends the trial court erred in "wholly ignor[ing] the report and conclusion" of the psychological evaluation, and instead focusing solely on the testimony elicited about Appellant's prior interactions

with police and the fact that Appellant is currently taking medication for anxiety and depression. Appellant's Brief at 7-8. Appellant argues that the trial court's conclusion that Appellant "'might' hurt himself or another because he is on medication or has a situation where the police were called (but no charges were filed) is pure supposition and guesswork." *Id.* at 8.

As set forth *supra*, the language in section 6105(f)(1) plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court. In that regard, we bear in mind that an abuse of discretion is not merely an error in judgment. "[A]n abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." **Commonwealth v. Handfield**, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting **Commonwealth v. Cain**, 29 A.3d 3, 6 (Pa. Super. 2011)). Moreover, "it is well-settled that a [] finder of fact is free to believe all, part or none of a witness' testimony." **J.C.B. v. Pennsylvania State Police**, 35 A.3d 792, 797 (Pa. Super. 2012) (finding "the trial court, as the fact finder, acted within its discretion in[,]" *inter alia*, "discounting the testimony of Appellant's psychiatric expert.").

In this case, the trial court, while cognizant of the evaluator's findings, ultimately concluded that lingering concerns about Appellant's mental health and his interactions with police prevented Appellant from meeting his burden

of proving that his firearm rights should be restored. We decline to disturb this discretionary finding.

> Instantly, the trial court acknowledged that [T.D.] submitted a current mental health evaluation in support of his request to lift the Section 6105 firearms prohibition. The trial court, however, decided to keep the Section 6105 prohibition intact. Because the trial court was free to believe all, part, or none of [T.D.'s] evidence, the court acted within its discretion in failing to credit the current mental health evaluation. **See J.C.B.**[, 35 A.3d at 797] (holding that the trial court 'acted within its discretion in failing to credit [the petitioner's] denial of suicidal ideations, including a suicide attempt, and discounting the testimony of [the petitioner's] psychiatric expert' when denying a request for the reinstatement of firearms rights under Section 6105").

**See In Re: Petition of T.D.,** ____A.3d____ 2019 WL 3916634 (Pa. Super 2019) (non-precedential decision at 8) (some citations omitted).[6]

While we are cognizant of the testimony provided by Appellant and S.G. that his commitments were precipitated by his misuse of pain medication, which they contend is no longer an issue, the trial court found that Appellant was continuing to address his mental health by taking several prescribed medications. Moreover, the trial court noted its concern regarding Appellant's interactions with individuals that caused the police to intervene, including one incident, which occurred after his commitments.

> A present clean bill of mental health is no guarantee that a relapse is not possible. Given the extreme potential harm attendant to the possession of deadly weapons by [a person with a mental illness],

---

[6] Unpublished non-precedential memorandum decisions of the Superior Court filed after May 1 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

and the risk of relapse, we see an important government interest in controlling the availability of firearms for those who have ever been adjudicated [mentally disabled] or have ever been committed to a mental institution but are now deemed to be cured. Although appellant has been pronounced cured of his depression, we see a legitimate government interest in still limiting the availability of firearms to him.

***Keyes***, 83 A.3d 1016, 1027 (Pa. Super. 2013).

Based upon the foregoing and the record before us, we cannot conclude that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted). Thus, we decline to disturb the trial court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 9/16/2019