J-A24005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| J.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, AND | : | No. 1289 EDA 2024 |
| KEVIN R. STEELE | : | |

Appeal from the Order Entered April 8, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2024-00587

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM PER CURIAM:                                    **FILED JANUARY 29, 2025**

J.A. appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying his petition for restoration of firearms rights filed pursuant to section 6105(f)(1) of the Pennsylvania Uniform Firearms Act (UFA), 18 Pa.C.S.A. §§ 6101-6128.  After our review, we affirm based on the opinion authored by the Honorable Richard P. Haaz.

Pursuant to sections 302 and 303 of the Mental Health Procedures Act (MHPA), 50 P.S. §§ 7302, 7303, J.A. had been involuntarily committed on February 20, 2021 and February 25, 2021, respectively.[1]  Consequently, J.A.

---

[1] J.A. was seventeen years old when his parents, both healthcare professionals, [] filed a petition for involuntary commitment of their son, fearing for his and their own safety. J.A.'s father, a psychiatrist, reported that J.A.'s "paranoia, grandiosity, and dysregulated mood has severely escalated over the past 30 days—police had to be called three times to calm him and
*(Footnote Continued Next Page)*

J-A24005-24

was subject to state and federal firearm restrictions. **See** 18 Pa.C.S.A. § 6105(c)(4);[2] 18 U.S.C. § 922(g)(4).[3]

---

protect us[;] CYS and Mobile Crisis have also come to our home several times over [the] past 30 days[.]" Application for Involuntary Emergency Examination and Treatment (Section 302 Petition), 2/20/21. J.A.'s father and mother also reported that J.A. had made verbal threats toward them, that J.A. believed they were stealing his mail, and that J.A. believed his mother was trying to poison him. **Id.** J.A. was treated at Horsham Clinic for two days. After examination and evaluation, James Yi, M.D., a board-certified psychiatrist, submitted a request that the court certify J.A. for extended section 303 involuntary treatment pursuant to section 7303 of the MHPA. **See J.A. v. Montgomery County**, **et al**., 1362 EDA 2022 (Pa. Super. filed April 11, 2023) (unpublished memorandum decision), *appeal denied* 309 A.3d 696 (Pa. Dec. 20, 2023).

[2] 18 Pa.C.S.A. § 6105(c) provides:

> Other persons.--In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):
>
> * * *
>
> (4) A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act. This paragraph shall not apply to any proceeding under section 302 of the Mental Health Procedures Act unless the examining physician has issued a certification that inpatient care was necessary or that the person was committable.

18 Pa.C.S.A. § 6105(c)(4).

[3] Federal firearm restrictions, pursuant to the Federal Gun Control Act of 1968, 18 U.S.C. § 921 *et seq.*, apply to one "who has been . . . committed to a mental institution[.]" 18 U.S.C. § 922(g)(4).

On January 10, 2024, J.A. filed a petition seeking restoration of his firearm rights pursuant to section 6105(f)(1) of the UFA. Judge Haaz held a hearing on April 5, 2024. On April 8, 2024, Judge Haaz denied J.A.'s petition. *See* Order, 4/8/24. J.A. filed a timely appeal. Both Judge Haaz and J.A. have complied with Pa.R.A.P. 1925.

J.A. raises two issues for our review:

1. Whether the trial court capriciously rejected the psychologist's assessment and conclusions where the basis of the rejection is [J.A.'s] "personal motive" for seeking the restoration of his rights.

2. Whether the trial court abused its discretion in second-guessing the merits of the methodology that [Robert] Tanenbaum[, Ph,D.], employ[ed] in reaching his expert conclusions.

Appellant's Brief, at 3.

Section 6105(f)(1) of the Crimes Code states: "Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." 18 Pa.C.S.A. § 6105(f)(1). This Court has stated that section 6105(f)(1) "plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court." *E.G.G. v. Pennsylvania State Police*, 219 A.3d 679, 683 (Pa. Super. 2019). An abuse of discretion "is not merely an error in judgment. . . . [It] occurs when the law is overridden or misapplied, or the

judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." **Id.** Moreover, "it is well-settled that a [ ] finder of fact is free to believe all, part or none of a witness' testimony" and therefore may "discount[ ] the testimony of Appellant's psychiatric expert." **Id.**

At the hearing, the court heard testimony from J.A. and J.A.'s expert, Dr. Tanenbaum, a licensed clinical psychologist. Doctor Tanenbaum evaluated J.A. prior to the hearing and testified in support of J.A.'s request. The trial court found neither Dr. Tanenbaum nor J.A. credible and, therefore, determined that J.A. did not meet his burden of establishing by a preponderance of the evidence that he was no longer a threat to himself or others.

The trial court noted that Dr. Tanenbaum's report was "incomplete," devoted entirely to the events precipitating the involuntary commitment; that Dr. Tanenbaum did not contact either J.A.'s treating psychiatrist or J.A.'s parents; and that his assessment and conclusions were "unduly driven by [J.A.'s] personal motive to exonerate himself to his parents." Trial Court Opinion, 5/23/24, at 6. The court also found J.A.'s credibility compromised by a false statement in his petition—the production of a transcript from Vanderbilt University, which he never attended—and his "deceptions to his lawyer and psychologist about the accuracy of his educational history." **Id.** at 7. Additionally, the court found concerning the fact that J.A. did not offer

the testimony of his treating psychiatrist. The court ultimately found both J.A. and Dr. Tanenbaum unworthy of belief.

As the factfinder, the trial court had the right to assess the witnesses' credibility. *See J.C.B. v. Pennsylvania State Police*, 35 A.3d 792, 797 (Pa. Super. 2012) (finding "the trial court, as the fact finder, acted within its discretion in[,]" *inter alia*, "discounting the testimony of Appellant's psychiatric expert."). As an appellate court, we must pay proper deference to this credibility determination.

After our review of the parties' briefs, the record, and the relevant law, we conclude that Judge Haaz did not abuse his discretion in determining that J.A. did not meet his burden. *See Hirsch v. EPL Technologies, Inc.,* 910 A.2d 84, 88 (Pa. Super. 2006) ("[a]s long as sufficient evidence exists in the record to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility").

In short, based upon the record before us, we cannot conclude that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." *E.G.G.*, 219 A.3d at 684. We decline to disturb the trial court's order.

We rely on Judge Haaz's opinion to affirm the order denying J.A.'s petition for restoration of firearm rights, and we direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2025

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

J⸻ ⸻ A⸻⸻ .            : NO. 2024-00587
                             :
         vs.                 : 1289 EDA 2024
                             :
PENNSYLVANIA STATE POLICE and :
MONTGOMERY COUNTY DISTRICT   :
ATTORNEY'S OFFICE            :

**HAAZ, J.**                                    **MAY 23, 2024**

## <u>OPINION</u>

### I.     INTRODUCTION

Appellant, J⸻ A⸻ ("⸻"), appeals this court's Order dated April 8, 2024,
which denied his Petition for Restoration of Firearms Rights Pursuant to 18 Pa.C.S.A.
6105(f)(1).

A⸻ filed a Petition for Restoration of Firearms Rights on January 10, 2024 against
the Pennsylvania State Police and the Montgomery County District Attorney's Office. Neither
Defendant filed a written response to the petition. A⸻ petition alleged, <u>inter alia</u>, that his
involuntary commitment to a mental institution for inpatient care and treatment in 2021 renders
him currently disabled from possessing a firearm pursuant to 18 Pa.C.S.A. Section 6105(c)(4)
and 18 U.S.C. Section 922.[1] The petition further avers that A⸻ is not currently a risk to
others if he were to own and possess firearms.[2]

---

[1] A⸻ petition, paragraph 18.

[2] A⸻ petition, paragraphs 19, 20.

1

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The court held an evidentiary hearing on A____s petition on April 5, 2024. On April 8, 2024, the court entered an Order denying A____'s petition. A____ filed a Notice of Appeal on April 30, 2024. The court filed an Order dated April 30, 2024 directing A____ file a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b) of the P.R.App.P. A____ filed a Concise Statement of Errors Complained of on Appeal raising fourteen grounds of error.[3]

## II. THE HEARING

A____ counsel acknowledged at the outset of the hearing that the only issue before the court is "whether we can satisfy our burden of proof that (A____) is not a danger to himself or to others today, not three-and-a-half years ago." (N.T. 14)

J____ A____ testified he was born on August __, 2003 and attends class at Thomas Jefferson University. He maintains a grade point average of 3.94. He was president of TJU's debating society and was a regional debating champion in high school. He plays about 100 chess games per week. He has no desire to obtain a firearm and seeks a court Order stating he is not a danger to himself or others. (N.T. 29) He is a full time student and is not employed. He testified he has a very good support system. (N.T. 49)

A____ recalled he was diagnosed as having a brief psychotic disorder and delusional disorder during his involuntary commitment in 2021. (N.T. 33) After his discharge from the Horsham Clinic in 2021, he received follow-up advice from his father who is a psychiatrist. (N.T. 39) A____ now sees Dr. Steven Weinstein, a psychiatrist, two to three times a year on an as needed basis. (N.T. 75) Dr. Weinstein has not rendered a diagnosis and has not prescribed any medication. (N.T. 76)

---

[3] A____'s claims of error by the trial court essentially challenge the court's determination that A____ nd his expert witness were not credible.

2

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Counsel for the State Police introduced the non-precedential decision of the Superior Court dated April 11, 2023 which affirmed the trial court's affirmance of the MHRO's Order in 2021 which extended A.____'s involuntary commitment.[4]  The Superior Court provided the following history regarding A.____'s 302 and 303 commitments:

> "J.A. was seventeen years old when his parents, both healthcare professionals,[5] filed a petition for involuntary commitment of their son, fearing for his and their own safety.  J.A.'s father reported that J.A.'s 'paranoia, grandiosity and dysregulated mood has severely escalated over the past 30 days – police had to be called three times to calm him and protect us[;] CYS and Mobile Crisis have also come to our home several times over [the] past 30 days[.]'  Application for Involuntary Emergency Examination and Treatment (Section 302 Petition), 2/20/21.  J.A.'s father and mother also reported that J.A. had made verbal threats toward them, that J.A. believed they were stealing his mail, and that J.A. believed his mother was trying to poison him. **Id.**
>
> J.A. was evaluated by Tracy Bunius, M.D., a psychiatrist, who concluded that, based upon the circumstances that existed on February 20, 2021, J.A. was severely mentally disabled and in need of treatment and inpatient psychiatric admission for stabilization and safety.  See 50 P.S. §7301.
>
> Pursuant to subsection 7302 of the MHPA (section 302), J.A. was involuntarily committed to Bryn Mawr Hospital.  He was subsequently transferred to Horsham Clinic on February 21, 2021, where he was admitted for mental health treatment.  See **Id.** at §7302.
>
> J.A. was treated at Horsham Clinic for two days.  After examination and evaluation, James Yi, M.D., a board-certified psychiatrist, submitted a request that the court certify J.A. for extended section 303 involuntary treatment.  See 50 P.S. §7303.  See also Section 303 Application for Extended Involuntary Treatment, 2/23/22; Attending Psychiatrist Evaluation/Admission History and Examination, 2/22/21, at 6 (Doctor Yi Indicating J.A. '[d]angerous to self, others or property with need for controlled environment.')."

---

[4] No. 1362 EDA 2022.

[5] J.A. father is a psychiatrist, and his mother is a registered nurse.

3

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A____ s verified petition for restoration of firearms rights stated he was "currently a student at Vanderbilt University." (N.T. 42, 43) This statement is false and inaccurate. A____ never attended Vanderbilt University. A____ filed a "Statement of Correction" on April 1, 2024 addressing the false statement about attending Vanderbilt University. The corrected statement contained another incorrect statement. (N.T. 55)

A____ presented the testimony of Dr. Robert L. Tanenbaum, a licensed clinical psychologist at the hearing. Dr. Tanenbaum reviewed records of police reports involving A____ from the Lower Merion Police Department (N.T. 133) and administered two personality tests and a mental status exam. He did not find evidence of psychopathology. Dr. Tanenbaum met with A____ on August 8, 2023, August 11, 2023, October 3, 2023 and March 8, 2024. The personality test identified A____ as conscientious, focused on objectives, goal oriented and able to manage himself. (N.T. 110) The mental status assessment did not indicate any disturbances in his mental functioning that would meet diagnostic criteria for any number of conditions, including the ones that had been considered when he was hospitalized in 2021. (N.T. 111) Dr. Tanbenbaum concluded that there was "no indication that he would pose a discernable danger to himself or to anyone else if he were to have his firearm rights restored." (N.T. 112)

The Vanderbilt transcript was attached to an email forwarded to Dr. Tanenbaum by A____ late December, 2023. Dr. Tanenbaum's report is dated the very next day on December 29, 2023 and includes reference that A____ "is currently in his freshman year of college at Vanderbilt University in Tennessee, where he is majoring in Law and Society." (p. 2) A____ sent his Vanderbilt University transcript to Dr. Tanenbaum without alerting him that he never took classes at Vanderbilt University. Dr. Tanenbaum testified at the hearing he was surprised to learn that A____ did actually attend Vanderbilt. (N.T. 121, 122) The

4

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Vanderbilt transcript forwarded by A⸽⸽ ᵗo Dr. Tanenbaum does not have A⸽ name on it and is very suspicious.[6] Dr. Tanenbaum prepared an addendum report dated April 3, 2024 after seeing A⸽ ɔn March 8, 2024. No mention of the false statement of attending Vanderbilt was contained in the addendum report. (N.T. 162)

### III. DISCUSSION

18 Pa.C.S.A. §6105(c)(4) prohibits any person from possessing or using a firearm "who has been involuntary committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act."

18 Pa.C.S.A. §6105(f)(1) prescribes, "Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." Section 6105(f)(1) "plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court." *E.G.G. v. Pennsylvania State Police*, 219 A.3d 679, 683 (Pa. Super. 2019). An abuse of discretion is not merely an error in judgment...[It] occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." **Id.** Moreover, "it is well-settled that a [ ] finder of fact is free to believe all, part or none of a witness' testimony" and therefore may "discount[ ] the testimony of Appellant's psychiatric expert." **Id.**

---

[6] A copy of the Vanderbilt University transcript provided to Dr. Tanenbaum by ⸽. · ᵢ ⸽ appended hereto.

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A. misled both his lawyer[7] and psychologist who respectively prepared a court filing and a professional report noting A was attending a university he never actually attended. A 's explanations why the Vanderbilt transcript was not a forgery were convoluted and unconvincing. (N.T. 58-63; 171-172; 187, 197-199)

Dr. Tanenbaum's testimony demonstrated that A s fundamental motive in filing this petition was to re-hash the 2021 incident in a light favorable to A n. Dr. Tanenbaum testified that A filed his petition because "he feels extremely frustrated that he has not been able to persuade his own parents" that he is not a threat to them. (N.T. 156) Half of Dr. Tanenbaum's nine page report was devoted to the 2021 events. Dr. Tanenbaum decided not to interview A s parents as part of his evaluation because A "was very uncomfortable with the idea." (N.T. 127) This was an important piece of evidence for the court to evaluate in assessing A s current risk of danger to himself or others. Similarly, neither Dr. Tanenbaum nor A procured or produced the testimony or records from A treating psychiatrist, Dr. Weinstein, which also would have aided the court's assessment of A s current status.

The court rejects Dr. Tanenbaum's assessment and conclusions as unduly driven by A 's personal motive to exonerate himself to his parents. The court further rejects Dr. Tanenbaum's incomplete evaluation that A not currently a risk to himself or others if he were to possess a firearm.

---

[7] A 's lawyer also thought the Vanderbilt transcript could be "funny business." His reaction when seeking A Vanderbilt transcript was "to rip his head off." (N.T. 199)

Moreover, the court also rejects A_____ self-assessment reaching the same conclusion. A_____ credibility in this action is very compromised by the false statement in his petition, the production of a transcript from an academic institution he never attended and his deceptions to his lawyer and psychologist about the accuracy of his educational history. A_____ has woefully failed to satisfy his burden of proof. Accordingly, the court strongly recommends that the Order denying the petition to restore firearm privileges be **AFFIRMED.**

BY THE COURT:

_____
RICHARD P. HAAZ,                    J.

e-filed on May 23, 2024
Copies sent via Prothonotary to the parties of record.
Emailed to Court Administration – Civil Division

_____
Judicial Secretary

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7

# VANDERBILT UNIVERSITY

## Final Grades

*Student Information*
**Current Program**
Bachelor of Arts

| | |
|---|---|
| **Level:** | Undergraduate |
| **Program:** | Law, History & Society, B. A. |
| **Admit Term:** | Fall 2023 |
| **Admit Type:** | Transfer |
| **Catalog Term:** | Fall 2023 |
| **College:** | Arts & Sciences |
| **Campus:** | Main |
| **Major and Department:** | Law, History & Society |
| **Academic Standing:** | Good Standing |

*Undergraduate Course work*

| CRN | Subject | Course | Section | Course Title | Campus | Final Grade | Attempted | Earned | GPA Hours | Quality Points |
|---|---|---|---|---|---|---|---|---|---|---|
| 73540 | BLAW | 301 | 2 | Business Law | Main | A+ | 3.000 | 3.000 | 3.000 | 12.00 |
| 78881 | COMS | 102 | 1 | Introduct to Public Speaking | Main | A | 3.000 | 3.000 | 3.000 | 12.00 |
| 78742 | ISEM | 307 | 1 | Digital Communication &Culture | Main | A+ | 3.000 | 3.000 | 3.000 | 12.00 |
| 74162 | LAW | 201 | 1 | Constitutional Law | Main | A | 3.000 | 3.000 | 3.000 | 12.00 |
| 74164 | LAW | 300 | 1 | International Law | Main | A- | 3.000 | 3.000 | 3.000 | 11.10 |
| 74165 | LAW | 302 | 1 | Law and Ethics | Main | A- | 3.000 | 3.000 | 3.000 | 11.10 |
| 78896 | PSW | 203 | 1 | Technical Writing | Main | A | 3.000 | 3.000 | 3.000 | 12.00 |

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM. Fee = $0.00. The filer certifies that this filing complies with the provisi Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

J A .        : NO. 2024-00587

               vs.        : 1289 EDA 2024

PENNSYLVANIA STATE POLICE and    :
MONTGOMERY COUNTY DISTRICT      :
ATTORNEY'S OFFICE            :

**HAAZ, J.**                                     **MAY 23, 2024**

## OPINION

### I.     INTRODUCTION

Appellant, J A (""), appeals this court's Order dated April 8, 2024, which denied his Petition for Restoration of Firearms Rights Pursuant to 18 Pa.C.S.A. 6105(f)(1).

A filed a Petition for Restoration of Firearms Rights on January 10, 2024 against the Pennsylvania State Police and the Montgomery County District Attorney's Office. Neither Defendant filed a written response to the petition. A petition alleged, <u>inter alia</u>, that his involuntary commitment to a mental institution for inpatient care and treatment in 2021 renders him currently disabled from possessing a firearm pursuant to 18 Pa.C.S.A. Section 6105(c)(4) and 18 U.S.C. Section 922.[1] The petition further avers that A is not currently a risk to others if he were to own and possess firearms.[2]

---

[1] A petition, paragraph 18.

[2] A petition, paragraphs 19, 20.

1

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The court held an evidentiary hearing on A____'s petition on April 5, 2024. On April 8, 2024, the court entered an Order denying A____'s petition. A____ filed a Notice of Appeal on April 30, 2024. The court filed an Order dated April 30, 2024 directing A____ file a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b) of the P.R.App.P. A____ filed a Concise Statement of Errors Complained of on Appeal raising fourteen grounds of error.[3]

## II. THE HEARING

A____ counsel acknowledged at the outset of the hearing that the only issue before the court is "whether we can satisfy our burden of proof that (A____) is not a danger to himself or to others today, not three-and-a-half years ago." (N.T. 14)

J____ A____ testified he was born on August __, 2003 and attends class at Thomas Jefferson University. He maintains a grade point average of 3.94. He was president of TJU's debating society and was a regional debating champion in high school. He plays about 100 chess games per week. He has no desire to obtain a firearm and seeks a court Order stating he is not a danger to himself or others. (N.T. 29) He is a full time student and is not employed. He testified he has a very good support system. (N.T. 49)

A____ recalled he was diagnosed as having a brief psychotic disorder and delusional disorder during his involuntary commitment in 2021. (N.T. 33) After his discharge from the Horsham Clinic in 2021, he received follow-up advice from his father who is a psychiatrist. (N.T. 39) A____ now sees Dr. Steven Weinstein, a psychiatrist, two to three times a year on an as needed basis. (N.T. 75) Dr. Weinstein has not rendered a diagnosis and has not prescribed any medication. (N.T. 76)

---

[3] A____'s claims of error by the trial court essentially challenge the court's determination that A____ and his expert witness were not credible.

2

Counsel for the State Police introduced the non-precedential decision of the Superior Court dated April 11, 2023 which affirmed the trial court's affirmance of the MHRO's Order in 2021 which extended A⬛⬛'s involuntary commitment.[4] The Superior Court provided the following history regarding A⬛⬛'s 302 and 303 commitments:

> "J.A. was seventeen years old when his parents, both healthcare professionals,[5] filed a petition for involuntary commitment of their son, fearing for his and their own safety. J.A.'s father reported that J.A.'s 'paranoia, grandiosity and dysregulated mood has severely escalated over the past 30 days – police had to be called three times to calm him and protect us[;] CYS and Mobile Crisis have also come to our home several times over [the] past 30 days[.]' Application for Involuntary Emergency Examination and Treatment (Section 302 Petition), 2/20/21. J.A.'s father and mother also reported that J.A. had made verbal threats toward them, that J.A. believed they were stealing his mail, and that J.A. believed his mother was trying to poison him. **Id.**
>
> J.A. was evaluated by Tracy Bunius, M.D., a psychiatrist, who concluded that, based upon the circumstances that existed on February 20, 2021, J.A. was severely mentally disabled and in need of treatment and inpatient psychiatric admission for stabilization and safety. See 50 P.S. §7301.
>
> Pursuant to subsection 7302 of the MHPA (section 302), J.A. was involuntarily committed to Bryn Mawr Hospital. He was subsequently transferred to Horsham Clinic on February 21, 2021, where he was admitted for mental health treatment. See **Id.** at §7302.
>
> J.A. was treated at Horsham Clinic for two days. After examination and evaluation, James Yi, M.D., a board-certified psychiatrist, submitted a request that the court certify J.A. for extended section 303 involuntary treatment. See 50 P.S. §7303. See also Section 303 Application for Extended Involuntary Treatment, 2/23/22; Attending Psychiatrist Evaluation/Admission History and Examination, 2/22/21, at 6 (Doctor Yi Indicating J.A. '[d]angerous to self, others or property with need for controlled environment.')."

---

[4] No. 1362 EDA 2022.

[5] J.A. father is a psychiatrist, and his mother is a registered nurse.

3

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A_____'s verified petition for restoration of firearms rights stated he was "currently a student at Vanderbilt University." (N.T. 42, 43) This statement is false and inaccurate. A_____ never attended Vanderbilt University. A_____ filed a "Statement of Correction" on April 1, 2024 addressing the false statement about attending Vanderbilt University. The corrected statement contained another incorrect statement. (N.T. 55)

A_____ presented the testimony of Dr. Robert L. Tanenbaum, a licensed clinical psychologist at the hearing. Dr. Tanenbaum reviewed records of police reports involving A_____ from the Lower Merion Police Department (N.T. 133) and administered two personality tests and a mental status exam. He did not find evidence of psychopathology. Dr. Tanenbaum met with A_____ on August 8, 2023, August 11, 2023, October 3, 2023 and March 8, 2024. The personality test identified A_____ as conscientious, focused on objectives, goal oriented and able to manage himself. (N.T. 110) The mental status assessment did not indicate any disturbances in his mental functioning that would meet diagnostic criteria for any number of conditions, including the ones that had been considered when he was hospitalized in 2021. (N.T. 111) Dr. Tanbenbaum concluded that there was "no indication that he would pose a discernable danger to himself or to anyone else if he were to have his firearm rights restored." (N.T. 112)

The Vanderbilt transcript was attached to an email forwarded to Dr. Tanenbaum by A_____ late December, 2023. Dr. Tanenbaum's report is dated the very next day on December 29, 2023 and includes reference that A_____ "is currently in his freshman year of college at Vanderbilt University in Tennessee, where he is majoring in Law and Society." (p. 2) A_____ sent his Vanderbilt University transcript to Dr. Tanenbaum without alerting him that he never took classes at Vanderbilt University. Dr. Tanenbaum testified at the hearing he was surprised to learn that A_____ did actually attend Vanderbilt. (N.T. 121, 122) The

4

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Vanderbilt transcript forwarded by A\_\_\_\_ to Dr. Tanenbaum does not have A\_\_\_\_ name on it and is very suspicious.[6] Dr. Tanenbaum prepared an addendum report dated April 3, 2024 after seeing A\_\_\_\_ on March 8, 2024. No mention of the false statement of attending Vanderbilt was contained in the addendum report. (N.T. 162)

## III. DISCUSSION

18 Pa.C.S.A. §6105(c)(4) prohibits any person from possessing or using a firearm "who has been involuntary committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act."

18 Pa.C.S.A. §6105(f)(1) prescribes, "Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." Section 6105(f)(1) "plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court." *E.G.G. v. Pennsylvania State Police*, 219 A.3d 679, 683 (Pa. Super. 2019). An abuse of discretion is not merely an error in judgment...[It] occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." **Id.** Moreover, "it is well-settled that a [ ] finder of fact is free to believe all, part or none of a witness' testimony" and therefore may "discount[ ] the testimony of Appellant's psychiatric expert." **Id.**

---

[6] A copy of the Vanderbilt University transcript provided to Dr. Tanenbaum by A\_\_\_\_ is appended hereto.

5

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A_____ misled both his lawyer[7] and psychologist who respectively prepared a court filing and a professional report noting A_____ was attending a university he never actually attended. A_____'s explanations why the Vanderbilt transcript was not a forgery were convoluted and unconvincing. (N.T. 58-63; 171-172; 187, 197-199)

Dr. Tanenbaum's testimony demonstrated that A_____s fundamental motive in filing this petition was to re-hash the 2021 incident in a light favorable to A____n. Dr. Tanenbaum testified that A____n filed his petition because "he feels extremely frustrated that he has not been able to persuade his own parents" that he is not a threat to them. (N.T. 156) Half of Dr. Tanenbaum's nine page report was devoted to the 2021 events. Dr. Tanenbaum decided not to interview A_____s parents as part of his evaluation because A_____ "was very uncomfortable with the idea." (N.T. 127) This was an important piece of evidence for the court to evaluate in assessing A_____s current risk of danger to himself or others. Similarly, neither Dr. Tanenbaum nor A_____ procured or produced the testimony or records from A_____ treating psychiatrist, Dr. Weinstein, which also would have aided the court's assessment of A_____s current status.

The court rejects Dr. Tanenbaum's assessment and conclusions as unduly driven by A____n's personal motive to exonerate himself to his parents. The court further rejects Dr. Tanenbaum's incomplete evaluation that A_____s not currently a risk to himself or others if he were to possess a firearm.

---

[7] A_____s lawyer also thought the Vanderbilt transcript could be "funny business." His reaction when seeking A_____ Vanderbilt transcript was "to rip his head off." (N.T. 199)

6

Moreover, the court also rejects A⋯ self-assessment reaching the same conclusion. A⋯ credibility in this action is very compromised by the false statement in his petition, the production of a transcript from an academic institution he never attended and his deceptions to his lawyer and psychologist about the accuracy of his educational history. A⋯ has woefully failed to satisfy his burden of proof. Accordingly, the court strongly recommends that the Order denying the petition to restore firearm privileges be **AFFIRMED.**

BY THE COURT:

_____
RICHARD P. HAAZ,                    J.

e-filed on May 23, 2024
Copies sent via Prothonotary to the parties of record.
Emailed to Court Administration – Civil Division

_____
Judicial Secretary

7

# VANDERBILT UNIVERSITY

## Final Grades

*Student Information*
**Current Program**
Bachelor of Arts
**Level:**             Undergraduate
**Program:**           Law, History & Society, B. A.
**Admit Term:**        Fall 2023
**Admit Type:**        Transfer
**Catalog Term:**      Fall 2023
**College:**           Arts & Sciences
**Campus:**            Main
**Major and Department:** Law, History & Society
**Academic Standing:**   Good Standing

*Undergraduate Course work*

| CRN | Subject | Course | Section | Course Title | Campus | Final Grade | Attempted | Earned | GPA Hours | Quality Points |
|-----|---------|--------|---------|--------------|--------|-------------|-----------|--------|-----------|----------------|
| 73540 | BLAW | 301 | 2 | Business Law | Main | A+ | 3.000 | 3.000 | 3.000 | 12.00 |
| 78881 | COMS | 102 | 1 | Introduct to Public Speaking | Main | A | 3.000 | 3.000 | 3.000 | 12.00 |
| 78742 | ISEM | 307 | 1 | Digital Communication &Culture | Main | A+ | 3.000 | 3.000 | 3.000 | 12.00 |
| 74162 | LAW | 201 | 1 | Constitutional Law | Main | A | 3.000 | 3.000 | 3.000 | 12.00 |
| 74164 | LAW | 300 | 1 | International Law | Main | A- | 3.000 | 3.000 | 3.000 | 11.10 |
| 74165 | LAW | 302 | 1 | Law and Ethics | Main | A- | 3.000 | 3.000 | 3.000 | 11.10 |
| 78896 | PSW | 203 | 1 | Technical Writing | Main | A | 3.000 | 3.000 | 3.000 | 12.00 |

Case# 2024-00587-34 Docketed at Montgomery County Prothonotary on 05/23/2024 10:18 AM, Fee = $0.00. The filer certifies that this filing complies with the provisi Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non