J-A19027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETITION OF T.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEGHENY COUNTY DEPARTMENT | : | No. 915 WDA 2024 |
| OF BEHAVIORAL HEALTH AND THE | : | |
| PENNSYLVANIA STATE POLICE | : | |

Appeal from the Order Entered July 10, 2024
In the Court of Common Pleas of Allegheny County
Orphans' Court at No:  CP-02-MD-0005873-2023

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED: NOVEMBER 3, 2025**

Appellant, T.M., appeals from an order denying his petition under 18 Pa.C.S.A. § 6105(f)(1) for reinstatement of his right to carry a firearm.  We affirm.

The record reflects that in January 2002, Appellant was the subject of three involuntary commitments under the Mental Health Procedures Act, 50 P.S. §§ 7101-7503.  The first admission took place on January 3, 2002, after a counselor, Lora Holsinger, averred that Appellant had made suicidal statements to her one week earlier and that Appellant's mother was missing narcotic pills and muscle relaxants.  Two physicians examined Appellant and opined that he was severely mentally disabled and in need of treatment.  Appellant was thereupon admitted to the Western Psychiatric Institute & Clinic ("the hospital") under Section 302 of the MHPA, 50 P.S. § 7302.  Appellant

concedes that he was admitted into the hospital for depression. Two weeks later, on January 17, 2002, Appellant was admitted to the hospital under Section 302 after he was reported to have threatened his mother, her youngest son, and himself. Two physicians again examined Appellant and determined he was severely mentally disabled and in need of treatment. The hospital filed a petition to extend his commitment under Section 303 of the MHPA, 50 P.S. § 7303. At a hearing on January 23, 2002, an Allegheny County Mental Health Review Officer found that Appellant continued to be severely mentally disabled and ordered further commitment for in-patient treatment for up to twenty days.

Subsequent to his involuntary commitments, Appellant enlisted in the military, serving for several years in the army, and was honorably discharged in 2013. In 2016 and 2022, Appellant applied for a license to carry firearms for self-defense purposes through Pennsylvania's Instant Check System ("PICS"). PICS denied Appellant's application on both occasions.

In 2023, Appellant filed a petition for relief under 18 Pa.C.S.A. § 6105(f)(1) seeking restoration of his firearm rights and the right to obtain a firearms license. On October 16, 2023, the court held an evidentiary hearing. On October 23, 2023, Appellant's counsel obtained an evaluation from a physician, Bruce Wright, M.D., that Appellant could safely possess firearms. Dr. Wright stated in his evaluation that Appellant had early remission alcohol use disorder, polysubstance use disorder in sustained remission, and an "unspecified depressive disorder." Letter, 10/23/23, at 4. Appellant also

admitted to using medical marijuana and not participating in regular mental health care. *Id.* Appellant submitted this report to the court.

In an order docketed on July 10, 2024, the court denied Appellant's petition. This timely appeal followed. On September 27, 2024, the court issued an opinion stating, *inter alia*, that Appellant failed to file a concise statement of matters complained of on appeal ("concise statement") and therefore waived all issues. In addition, the court reasoned that Appellant's "continued psychological diagnosis and substance abuse in remission weighs in favor of denying [his] petition." Opinion, 9/27/24, at 8.

On October 4, 2024, Appellant filed a motion in this Court seeking a remand on the ground that he and all other parties in this appeal never received any order directing him to file a concise statement. On November 4, 2024, we remanded this case with leave for Appellant to file a concise statement *nunc pro tunc* within the next 21 days. On November 25, 2024, Appellant filed a concise statement. On December 16, 2024, the court issued a statement in lieu of supplemental opinion concluding that its prior opinion thoroughly addressed the substantive issues in this appeal.

Appellant raises a single issue in this appeal, "Whether the trial court abused its discretion and/or erred as a matter of law when it denied Appellant's petition to reinstate carry rights?" Appellant's Brief at 4. We review this issue for abuse of discretion. ***E.G.G. v. Pennsylvania State Police***, 219 A.3d 679, 682 (Pa. Super. 2019).

Section 302 of the MHPA provides that an individual may be involuntarily committed at a treatment facility if he is "severely mentally disabled and in need of immediate treatment." 50 P.S. § 7302(a). Section 303 of the MHPA provides that the individual may be subject to extended emergency involuntary treatment for up to twenty days if the facility demonstrates to the court by clear and convincing evidence that such treatment is necessary. 50 P.S. § 7303; *In Re Hancock*, 719 A.2d 1053, 1057-58 (Pa. Super. 1998).

The Crimes Code provides that persons who have been involuntarily committed to a mental institution for inpatient care and treatment under Sections 302, 303 or 304 of the MHPA are prohibited from possessing firearms. 18 Pa.C.S.A. § 6105(c)(4). Section 6105 further provides, "Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under [section 6105(c)(4)], the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person." 18 Pa.C.S.A. § 6105(f)(1). The petitioner bears the burden of proving that his firearm rights should be restored. *E.G.G.*, 219 A.3d at 682, 684.

In *E.G.G.*, the petitioner filed a petition for restoration of his firearm rights under Section 6501(f)(1). He had twice been committed involuntarily for treatment under 50 P.S. § 7302 of the MHPA, once for suicidal ideations in 2003 and a second time for depression and disorientation in 2005. In 2017, he filed a petition for restoration of his firearm rights. He contended that his commitments were due to medications that he was prescribed after a work

- 4 -

injury that he had begun to misuse. He testified that he had stopped taking the medications in 2005 and had not had any issues since. He admitted, however, that he had a history of confrontations with store clerks in which police had to be called. The last such occurrence took place about six years before his petition. He also submitted a report from a psychologist stating that he was not experiencing significant emotional distress that would cause him to be harmful to himself or others, but that he would benefit from psychotherapy sessions to alleviate anxiety symptoms. Following submission of this report, the petitioner testified that he was taking two anti-anxiety medications, an antidepressant and a sleep aid. The court entered an order denying restoration of the petitioner's firearm rights. On appeal, we affirmed. We observed that it was within the trial court's discretion to conclude that "that lingering concerns about [the petitioner's] mental health and his interactions with police" warranted denial of his petition. *Id.* at 683-84. In support of this decision, we recited our analysis in *In Re Keyes*, 83 A.3d 1016 (Pa. Super. 2013):

> A present clean bill of mental health is no guarantee that a relapse is not possible. Given the extreme potential harm attendant to the possession of deadly weapons by [a person with a mental illness], and the risk of relapse, we see an important government interest in controlling the availability of firearms for those who have ever been adjudicated [mentally disabled] or have ever been committed to a mental institution but are now deemed to be cured. Although appellant has been pronounced cured of his depression, we see a legitimate government interest in still limiting the availability of firearms to him.

*Id.* at 1027.

- 5 -

Here, Appellant was twice committed involuntarily under Section 302 and once for extended treatment under Section 303. While these commitments took place over two decades ago, they demonstrate that Appellant suffered from "severe mental disability" at that time, the applicable standard under Sections 302 and 303. The trial court further wrote:

> The Appellant's psychiatrist's report notes that [he] continued to have numerous psychiatric and mental difficulties in the years since his 2002 involuntary commitments[.] [Report at] 2-3. Over the years, the Appellant has experienced intermittent substance abuse problems. *See id*. Additionally, as was the case in *E.G.G.*, the Appellant is diagnosed within his psychiatrist's report submitted to this Court with early remission alcohol use disorder, polysubstance use disorder in sustained remission, and unspecified depressive disorder. [Report at] 3-4.
>
> In the Appellant's direct examination by counsel, the Appellant indicated that he actively is prescribed and uses medication for depression. and medical marijuana. Appellant also testified that he does not participate in regular mental health care.
>
> Nonetheless, the Court must note and appreciate the Appellant's military service and honorable discharge. Although the Court notes that the Appellant has experience with firearms from his service in the Army, the Appellant's continued psychological diagnosis and substance abuse in remission weighs in favor of denying the Appellant's Petition.

Opinion at 7.

We consider this decision a proper exercise of the court's discretion. As in *E.G.G.*, the court balanced all relevant facts and determined that the evidence against restoration of Appellant's firearm rights outweighed the evidence in favor of restoration. *See* Opinion at 8 ("the Court must note and appreciate [] Appellant's military service and honorable discharge. Although

the Court notes that the Appellant has experience with firearms from his service in the Army, [his] continued psychological diagnosis and substance abuse in remission weighs in favor of denying [his] Petition"). The court cogently observed, as we did in *E.G.G.*, that a relapse was still possible. Given the trial court's broad discretion in deciding this case, we may not upset its carefully reasoned decision.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/3/2025